In the Matter of the Care and Treatment of Donald WILLIAMS, Appellant.

No. 25450.

Missouri Court of Appeals, Southern District, Division Two.

March 17, 2004.

Emmett D. Queener, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, for respondent.

JOHN E. PARRISH, Judge.

Donald Williams was adjudicated a sexually violent predator pursuant to § 632.480(5)(a) and committed to the custody of the director of the Department of Mental Health for control, care, and treatment pursuant to § 632.495.[1] The commitment followed Williams' completion of a period of confinement for child molestation in the first degree in violation of § 566.067.[2]

Williams appeals contending the trial court erred in denying a motion to dismiss filed on his behalf. The motion asserted that § 632.495 was unconstitutional; that it denied Williams equal protection of law. Williams argues on appeal that the equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, § 2 of the Missouri Constitution require that similarly situated persons be treated similarly; that persons other than sexually violent predators who are involuntarily committed to the Department of Mental Health due to mental conditions and risk of harm receive treatment in the least restrictive environment; that § 632.495 is, therefore, unconstitutional because it requires sexually violent predators to be placed in secure confinement without consideration of placement in lesser restrictive environments. This court affirms.

The Supreme Court of Missouri addressed the question of the constitutionality of § 632.495 in *In re Care and Treatment of Norton*, 123 S.W.3d 170, 174–75 (Mo. banc 2003). *Norton* explains that the Sexually Violent Predator Act, §§ 632.480 to 632.513, (SVP Act) does not deny equal protection of law for failing to provide less restrictive alternatives to "secure confinement." *Norton* concludes that secure confinement of sexually violent predators, as provided in the SVP Act, is narrowly tailored to serve Missouri's compelling state interest of protecting the public from crime; that this interest justifies different treatment of persons adjudicated as sexually violent predators because there is a substantial probability they will commit future crimes of sexual violence if not confined in a secure facility.

*Norton* identifies the elaborate, step-by-step procedure the SVP Act provides and explains that these procedures provide persons alleged to be sexually violent offenders with a number of rights that are provided defendants in criminal prosecutions. *Norton* concludes that Missouri's SVP Act is narrowly tailored to protect the public from the small percentage of persons adjudged to be sexually violent offenders. *Norton* holds that secure confinement required by § 632.495 does not deny equal protection of law.

*Norton* is determinative of this appeal. Williams' point is denied. The judgment is affirmed.

SHRUM and BATES, JJ., concur.

1. References to statutes are to RSMo 2000 unless stated otherwise.

2. The record on appeal does not include a copy of the criminal charge for which Williams was incarcerated; thus, this court does not know the date of the offense, and, consequently, the applicable statutory revision. The petition that sought Williams' determination as a violent sexual offender and Williams' statement of facts in the brief he filed in this court states the conviction occurred, based on a plea of guilty, January 18, 2000.