**In the Matter of the Care and Treatment of Duewey WARREN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SD 28741.**

Missouri Court of Appeals,
Southern District,
Division One.

April 27, 2009.

Motion for Rehearing or Transfer Denied
May 13, 2009.

Emmett D. Queener, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Alana M. Barragan–Scott, Asst. Atty. Gen., Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Duewey Warren ("Appellant") appeals the judgment of the Probate Division of the Greene County Circuit Court ("the probate court") committing him to secure confinement in the custody of the Department of Mental Health ("DMH") as a sexually violent predator ("SVP") per section 632.495.[1] Appellant now asserts three points of probate court error relating to jury instructions. The judgment of the probate court is affirmed.

Appellant does not contest the sufficiency of the evidence to support the jury's determination that he is a SVP under the laws of the State of Missouri; accordingly there is no need for this Court to engage in a prolonged examination of the underlying facts.

The record reveals that the State filed its Petition on March 5, 2004, seeking Appellant's involuntary commitment as a SVP. The probate court found the petition was supported by probable cause. On May 31, 2007, Appellant filed his "Motion to Declare the 2006 Amendment to [s]ection 632.495, Reducing the State's Burden of Proof, Unconstitutional." This motion was denied by the probate court.

A jury trial was held on June 4 and 6, 2007.[2] At trial, the State offered jury

---

1. Section 632.495 sets out in pertinent part:

    1. The court or jury shall determine whether, by clear and convincing evidence, the person is a [SVP]. If such determination that the person is a [SVP] is made by a jury, such determination shall be by unanimous verdict of such jury. Any determination as to whether a person is a [SVP] may be appealed.

    2. If the court or jury determines that the person is a [SVP], the person shall be committed to the custody of the director of the [DMH] for control, care and treatment until such time as the person's mental abnormality has so changed that the person is safe to be at large. Such control, care and treatment shall be provided by the [DMH].

    Unless otherwise stated, all statutory references are to RSMo Cum.Supp.2007.

2. We note that the laws in Chapter 632 relating to SVPs underwent substantial changes in 2006. For example, section 632.495 was amended by the legislature at that time by changing the burden of proof necessary to find that an individual is a SVP from beyond a reasonable doubt to clear and convincing evidence. The changes in the laws have been held to have retrospective application to cases which were pending at the time of the amendments due to the nature of the changes themselves and the fact that they did not create a " 'new obligation, impose[ ] a new duty, or attach[ ] a new disability with respect to transactions or considerations already past.' " *State ex rel. Schottel v. Harman*, 208 S.W.3d 889, 892 (Mo. banc 2006) (quoting *Doe v. Phillips*, 194 S.W.3d 833, 850 (Mo. banc 2006)). The amendments to the SVP laws in 2006 did not give " 'something already done a different effect from that which it had when it transpired;' " accordingly, the amendments could be applied retrospectively. *Id.* There is no error in the fact that the State filed its

"Instruction No. 5," which stated, *inter alia,* that the State has the burden to prove "by clear and convincing evidence that [Appellant] is a [SVP]." Counsel for Appellant objected to this instruction on the basis that he believed "clear and convincing evidence" needed to be defined for the jury and he offered his own instruction, "Instruction No. C," in place of the State's Instruction No. 5. Instruction No. C stated in part:

> [c]lear and convincing evidence means that you are clearly convinced of the affirmative of the proposition to be proved. This does not mean that there may not be contrary evidence.
>
> For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and your mind is left with an abiding conviction that the evidence is true. If you are not so convinced, you must give [Appellant] the benefit of the doubt and find that he is not a [SVP].

The probate court overruled Appellant's objection, rejected his proffered Instruction No. C, and Instruction No. 5 was given to the jury.

Also during the jury instruction conference, the State offered "Instruction No. 8," which stated that "[i]f you find [Appellant] to be a [SVP], [Appellant] shall be committed to the custody of the director of the [DMH] for control, care and treatment." Appellant's counsel objected to Instruction No. 8 and offered as an alternative instruction "Instruction No. F," which stated "[i]f you find [Appellant] to be a [SVP], he shall

be committed to the custody of the director of the [DMH] for the rest of his natural life for control, care and treatment." The probate court rejected Appellant's Instruction No. F.

At the close of all the evidence, the jury unanimously found Appellant to be a SVP and the probate court entered judgment accordingly. This appeal followed.

■ In his first point relied on, Appellant asserts the probate court erred in overruling his pre-trial "motion to declare the 2006 amendment to [s]ection 632.495 ... unconstitutional, thereby depriving [him] of his right to substantive due process of law...." He maintains "the statute as amended is unconstitutional in that the due process clause protects against commitment except upon proof beyond a reasonable doubt of every fact necessary to qualify the person for commitment alleged in the petition." [3]

The Supreme Court of Missouri has recently held that the section 632.495 burden of proof requiring clear and convincing evidence for commitment of a SVP is constitutional. In the combined cases of *In the Matter of the Care and Treatment of John R. Van Orden,* and *In the Matter of the Care and Treatment of Richard Wheeler,* 271 S.W.3d 579 (Mo. banc 2008) *("In re Van Orden"),* both the appellants argued, as Appellant does here, "that section 632.495 is unconstitutional because due process requires that the [S]tate prove that a person meets the definition of a [SVP] beyond a reasonable doubt." *Id.* at 582 (internal footnote omitted). The Su-

petition at a time when the old laws were in effect and then tried Appellant under the amended laws.

**3.** The State maintains this point was not preserved for review because Appellant failed to argue the unconstitutionality of the statute in relation to "Instruction No. 5—which provid-

ed for the clear and convincing standard—at trial. [Appellant] only objected to Instruction No. 5 on the basis that it lacked a definition of clear and convincing." We disagree and find that Appellant is challenging the trial court's ruling on his pretrial motion not Instruction No. 5 as asserted by the State.

preme Court, after reciting the implications of the burden of proof on different kinds of cases, stated that

[t]he Supreme Court of the United States [has] found that clear and convincing evidence was an appropriate burden of proof in civil commitment proceedings. The Court specifically found that proof beyond a reasonable doubt was not constitutionally required because the [S]tate was not exercising its power in a punitive sense and the continuing opportunities for review minimized the risk of error. The Court also questioned the feasibility of meeting the higher burden because of the uncertainties of psychiatric diagnosis. The Court found that the precise burden, whether clear and convincing evidence or beyond a reasonable doubt, was a matter of state law.

*Id.* at 585 (internal citations omitted). As such, the *In re Van Orden* court related that "[w]hether a beyond a reasonable doubt or clear and convincing evidence burden of proof is utilized to commit [SVPs] is a matter of legislative prerogative" and "[a]lthough [SVP] proceedings involve a liberty interest, they are civil proceedings." *Id.* at 585. "Missouri's law for the civil commitment of [SVPs] constitutionally may utilize the clear and convincing evidence burden of proof." *Id.* at 586.

The issue raised by Appellant in this point relied on has been addressed and decided by the Supreme Court of Missouri in *In re Van Orden.* " 'We are constitutionally bound to follow the most recent controlling decision of the Supreme Court of Missouri.' " *Savannah Place, Ltd. v. Heidelberg,* 164 S.W.3d 64, 68 (Mo.App. 2005) (quoting *State v. Keightley,* 147 S.W.3d 179, 184–85 (Mo.App.2004)). The clear and convincing evidence burden of

proof stated in section 632.495 is constitutional. Point I is denied.

■■■ In his second point relied on, Appellant maintains the probate court erred in refusing to submit his Instruction No. C to the jury and, instead, submitting the State's Instruction No. 5 in violation of his constitutional rights. He asserts his offered Instruction No. C "contained a definition not provided in Instruction No. 5 of the legal term 'clear and convincing evidence,' to provide the jurors the context in which to determine whether the State had carried its burden of proof that [Appellant] is subject to commitment as a [SVP]."

We will not reverse the trial court's ruling on a definitional instruction unless the trial court abused its discretion. *In re Care & Treatment of Scates,* 134 S.W.3d 738, 741 (Mo.App.2004). Further, " 'the giving of an alleged erroneous instruction is not grounds for reversal unless the appealing party was prejudiced thereby.' " *Id.* (quoting *Burns v. Elk River Ambulance, Inc.,* 55 S.W.3d 466, 476 (Mo.App. 2001)).

■■■ As in Point I above, this issue was also addressed in *In re Van Orden,* 271 S.W.3d at 586, where appellant Van Orden "argue[d] that the burden of proof of clear and convincing evidence must be defined in the jury instructions and … the trial court abused its discretion in rejecting his proposed jury instructions." *Id.* The Supreme Court of Missouri noted that "[t]he decision to submit a definitional instruction is in the sound discretion of the trial court. Rule 70.02(b) provides that the instructions should be 'simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts.' " *Id.* (internal citation omitted). The court explained that

[l]egal or technical words occurring in the instructions should be defined, but

the meaning of ordinary words used in their usual or conventional sense need not be defined. Further, a short, simple instruction on the burden of proof is preferred.

'Clear and convincing evidence' requires no further defining. The words are commonly used and readily understandable, and the phrase provides the jury with sufficient instruction on the applicable burden of proof. The additional phrases offered by [the appellant] only would increase the possibility of confusion and complicate the instructions. The trial court did not abuse its discretion in rejecting [the appellant's] proposed jury instructions.

*Id.* (internal citations omitted).

The Supreme Court's holding in *In re Van Orden* is conclusive in the present matter. *See Savannah Place,* 164 S.W.3d at 68. There is no merit in Appellant's argument that the probate court erred in failing to define the term "clear and convincing evidence" to the jury and in rejecting his proposed Instruction No. C. The probate court did not err. Point II is denied.

■ In his third point relied on, Appellant asserts the probate court erred in overruling his objection to Instruction No. 8 and in refusing to "submit to the jur[y]

[Appellant's] offered Instruction [No. F]," because such a ruling violated his rights to due process.[4] Specifically, he maintains Instruction No. F

accurately informed the jurors of the applicable law because the release provisions of [s]ection 632.505[5] ... grant[ ] only conditional release from secure confinement to a person found no longer likely to commit acts of sexual violence if released, but does not discharge the person from commitment to the custody of [DMH] for control, care and treatment; and Instruction No. 8 misdirected and misled the jurors by failing to accurately inform them of the applicable law.[6]

As already stated, we will not reverse the trial court's ruling on an instruction unless the trial court abused its discretion and "the appealing party was prejudiced thereby." *Scates,* 134 S.W.3d at 741.

■ "Ordinarily, we would look to the Missouri Approved Instructions for guidance in resolving this question. Whenever MAI contains an instruction applicable to a particular case, that instruction must be given to the exclusion of any other instruction on the same subject." *Lewis v. State,* 152 S.W.3d 325, 329 (Mo.App.2004); *see* Rule 70.02(b).[7] "With respect to SVP cases, however, there are no applicable MAI instructions." *Scates,* 134 S.W.3d at

---

4. We note that in his stated point relied on, Appellant takes issue with "Instruction No. G" while elsewhere he asserts this point relied on is aimed at the probate court's rejection of Instruction No. F. We find Appellant's objection relates to Instruction No. F and address that issue in this opinion.

5. Section 632.505 sets out in part that [u]pon determination by a court or jury that the person's mental abnormality has . so changed that the person is not likely to commit acts of sexual violence if released, the court shall place the person on conditional release pursuant to the terms of this section. The primary purpose of condition-

al release is to provide outpatient treatment and monitoring to prevent the person's condition from deteriorating to the degree that the person would need to be returned to a secure facility designated by the director of the [DMH].

6. It should be noted Appellant has not attempted to challenge the constitutionality of section 632.505. He merely asserts that his constitutional rights were violated by Instruction No. 8.

7. All rule references are to Missouri Court Rules (2007).

742. When there is no applicable MAI instruction and a non–MAI instruction must be used, the instruction given must be "simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." Rule 70.02(b); *see Scates,* 134 S.W.3d at 742. "Moreover, in adopting a non–MAI instruction, 'the court must adopt an instruction that follows the substantive law and can be readily understood by the jury.'" *Id.* (quoting *Hosto v. Union Elec. Co.,* 51 S.W.3d 133, 142 (Mo.App. 2001)). "When reviewing instructions, jurors are presumed to have ordinary intelligence, common sense, and an average understanding of the English language." *Boone v. State,* 147 S.W.3d 801, 808 (Mo. App.2004).

In *Scates,* 134 S.W.3d at 741, the appellant argued the trial court erred in the language of jury "Instruction No. 8, which instructed the jury: 'If you find [a]ppellant to be a [SVP], the [a]ppellant shall be committed to the custody of the director of the [DMH] for control, care and treatment.'" This Court "turning to the SVP Act," noted section 632.492, RSMo Cum. Supp.2002, specifically provides that "'[i]f the trial is held before a jury, the judge shall instruct the jury that if it finds that the person is a [SVP], the person shall be committed to the custody of the director of the [DMH] for control, care and treatment.'" *Id.* at 742 (quoting § 632.492, RSMo Cum.Supp.2002). "There can be no dispute that, in parroting the precise language of section 632.492, [RSMo Cum. Supp.2002], Instruction No. 8 'followed the substantive law....'" *Id.* "Moreover, we emphasize that, in providing Instruction No. 8 to the jury, the trial court complied with the SVP Act's mandate that 'the judge shall instruct the jury' that, once adjudicated as an SVP, a defendant is subject to civil commitment." *Id.* (quoting § 632.492, Cum.Supp.2002); *see also Lewis,* 152 S.W.3d at 330.

In this case, Instruction No. 8 stated that "[i]f you find [Appellant] to be a [SVP], [Appellant] shall be committed to the custody of the director of the [DMH] for control, care and treatment." "Since there was not an MAI instruction applicable to this case, the [probate] court acted correctly in mirroring the language from the SVP Act and 'following the substantive law.'" *Smith v. State,* 148 S.W.3d 330, 337 (Mo.App.2004) (internal footnote omitted). As in *Scates,* 134 S.W.3d at 742, we find that Instruction No. 8 did not have a substantial potential for prejudicial effect and an average jury would understand that a finding that Appellant was a SVP would subject him to the "control, care and treatment" of the DMH. § 632.492, Cum.Supp. 2002. Therefore, we find the probate court did not err in submitting Instruction No. 8 and in rejecting Appellant's Instruction No. F. Point III is denied.

The judgment and order of the probate court is affirmed.

BATES, J., and SCOTT, P.J., Concur.