**In the Matter of the Care and Treatment of Kevin POGUE, a/k/a Kevin A. Pogue, a/k/a Kevin Anthony Pogue, a/k/a K. Pogue, Appellant.**

No. SD 29883.

Missouri Court of Appeals,
Southern District,
Division One.

July 7, 2010.

Emmet D. Queener, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen. and Jayne T. Woods, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

ROBERT S. BARNEY, Judge.

Kevin Pogue, a/k/a Kevin A. Pogue, a/k/a Kevin Anthony Pogue, a/k/a K. Pogue ("Appellant") appeals his commitment by a jury to secure confinement in the custody of the Department of Mental Health ("DMH") as a sexually violent predator ("SVP"). *See* §§ 632.480–632.507.[1] In his sole point relied on, Appellant maintains the Probate Division of the Circuit Court ("the probate court") erred in denying his request to submit Jury Instruction 5B which included a definition of clear and

---

1. Unless otherwise stated, all statutory references are to RSMo Cum.Supp.2007.

convincing evidence.[2]  We affirm the judgment of the probate court.

On March 7, 2008, the State of Missouri filed a "Petition" against Appellant to have him civilly committed due to his history of sexually abusing children.  A trial was held from April 21, 2009, through April 23, 2009.  At the first jury instruction conference, Jury Instruction 5 was submitted by the State.  Jury Instruction 5 stated:

[i]n these instructions, you are told that your finding depends on whether or not you believe certain propositions of fact submitted to you.  The burden is upon [the State] to cause you to believe by clear and convincing evidence that [Appellant] is a[SVP].  In determining whether or not you believe any such proposition, you must consider only the evidence and the reasonable inferences derived from the evidence.  If the evidence in the case does not cause you to believe a particular proposition submitted, then you [cannot] return a finding requiring belief of that proposition.

Having already raised a general objection to all of the instructions proffered by the State, Appellant submitted Jury Instruction 5B as an alternative to the State's Jury Instruction 5.  Jury Instruction 5B stated:

[i]n these instructions, you are told that your finding depends on whether or not you believe certain propositions of fact submitted to you.  The burden is upon [the State] to cause you to believe by clear and convincing evidence that [Appellant] is a[SVP].  In determining whether or not you believe any such proposition, you must consider only the evidence and the reasonable inferences derived from the evidence.  If the evidence in the case does not cause you to

believe a particular proposition submitted, then you [cannot] return a finding requiring belief of that proposition.

Clear and convincing evidence means that you are clearly convinced of the affirmative of the proposition to be proved.  This does not mean that there may not be contrary evidence.

For evidence to be clear and convincing it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and your mind is left with an abiding conviction that the evidence is true.  If you are not so convinced[,] you must give [Appellant] the benefit of the doubt and find that he is not a[SVP].

Counsel for Appellant then stated he had an objection to Jury Instruction 5 "given the [language in the] verdict direct[ing]" instruction.  The following colloquy then occurred:

COUNSEL FOR APPELLANT:  We proffer this instruction in the belief[ ] that it is not improper under the law to instruct jurors that there is no presumption that they should find that [Appellant] meets the criteria for involuntary commitment under the [SVP] statute.

Our position is that when jurors are told that someone is confined pending such a trial and that confinement has lasted up to a year, they're likely to draw an inference that there's some kind of really strong reason to keep him in confinement and that that becomes a reason in their mind to think that he ought to be confined indefinitely.  I think that it is important that they be instructed that they should not presume that the State should win this lawsuit, they should not presume that [Appellant] meets these

2.  As Appellant does not challenge the sufficiency of the evidence to support his commitment, we need not recite the facts detailing

the various heinous acts which led to his commitment.

criteria that he's alleged to meet, and we think that in the absence of an instruction to remind them of that true legal fact that they are unguided in their decision-making in a way that could imperil the fairness of the trial.

And so as a matter of due process of law under the Fourteenth Amendment to the Constitution of the United States and Article I, Section 10, of the Missouri Constitution, we respectfully submit this instruction as necessary.

THE COURT: Thank you.

And having hear[d] argument of counsel, the [probate court] refuses to give the instruction.

Instruction [5]B tendered by [Appellant], [Missouri Approved Instruction] 3.07 modified, [the State] objects; is that correct?

THE STATE: Yes, Your Honor. [The State] objects on the basis of recent Missouri Supreme Court law, specifically In re: Weaver and Van Orden, companion cases in which the Missouri Supreme Court has addressed the issue of defining clear and convincing evidence and has ruled that those terms ought to be given their ordinary meaning, and it would not be proper to instruct or to give the jury a definition of those terms.

THE COURT: And, [Counsel for Appellant], would you like to speak to your instruction?

COUNSEL FOR APPELLANT: Thank you.

Again, Your Honor, we feel that due process of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 10, of Missouri's Constitution require a definition of the standard of proof that the State must meet when it seeks to take the liberty of one of its citizens. As a matter of due process, people ought to know how high the standard of proof is under the law. In the absence of a definition, they won't know and their discretion will be unbridled as to the matter of where they're going to set the bar. They could set it anywhere, they can lower the standard as much as they want, and there is no restraint within the instructions to tell them they shouldn't do that.

We fail to understand the legal logic of the Van Orden decision, and we respectfully submit that if considered in the light of due process of law and the uncertainty of the legal standard that the jury must abide by and follow for assessing the weight of the State's evidence that a fair trial will not result.

THE COURT: Thank you.

And the [probate court] refuses to give that instruction.

At a second instruction conference held later in the trial, counsel for Appellant again objected to Jury Instruction No. 5. This time he objected on the "ground of the averments of [his] motions to direct the verdict ...."[3] The trial court again denied Appellant's request to submit his Jury Instruction 5B.

During its deliberations, the jury requested it be given a definition of "clear and convincing evidence." After consultation with both sides, the probate court instructed the jury that "[t]he jury has the instructions. You are expected to follow those instructions."

Following deliberations, the jury found that Appellant "is a[SVP]" and Appellant was then committed by the probate court to the custody of the DMH "until such time as [Appellant's] mental abnormality has so changed that he is safe to be at large." Appellant then filed a "Renewal of

---

**3.** A copy of this motion is not before this Court.

Motions to Dismiss and in the Alternative, Motion for Judgment Nothwithstanding the Verdict, or for New Trial" which included his complaint relating to the giving of Jury Instruction 5 instead of his Jury Instruction 5B. This motion was denied by the trial court. This appeal followed.

■ In his sole point relied on, Appellant asserts the probate court abused its discretion in submitting the State's Jury Instruction 5 to the jury and in refusing to submit his Jury Instruction 5B to the jury because such a ruling violated his "right to due process of law and a fair trial guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution...." Specifically, he maintains the probate court's ruling was in error because

> the offered instruction contained a definition not provided in Instruction No. 5 of the legal term 'clear and convincing evidence,' to provide the jurors the context in which to determine whether the State had carried its burden of proof that [Appellant] is subject to commitment as a[SVP], and the instructions given failed to adequately instruct the jurors because during deliberations the jurors asked for a definition of 'clear and convincing.' [4]

■ Appellant's argument has already been addressed by the Supreme Court of Missouri in the combined cases of *In the Matter of the Care and Treatment of John R. Van Orden,* and *In the Matter of the Care and Treatment of Richard Wheeler,* 271 S.W.3d 579 (Mo. banc 2008) ("*Van Orden*"). In *Van Orden,* the appellant argued "that the burden of proof of clear and convincing evidence must be defined in the jury instructions and that the trial court abused its discretion in rejecting his proposed jury instructions." [5] *Id.* at 586. Reciting that such decisions are within the trial court's sound discretion, the *Van Orden* court noted that

> Rule 70.02(b)[, Missouri Court Rules (2008),] provides that the instructions should be 'simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts.' Legal or technical words occurring in the instructions should be defined, but the meaning of ordinary words used in their usual or conventional sense need not be defined. Further, a short, simple instruction on the burden of proof is preferred.

*Id.* (internal citations omitted). Accordingly, it concluded that

> '[c]lear and convincing evidence' requires no further defining. The words are commonly used and readily understandable, and the phrase provides the jury with sufficient instruction on the applicable burden of proof. The additional phrases offered by [the appellant] only would increase the possibility of confusion and complicate the instructions.

---

4. We note the State incorrectly urges this point relied on was not preserved below. In our review of the record, we find that it was properly preserved by objection at trial and by inclusion in the motion for new trial; accordingly, we shall address it on its merits.

5. Similarly to Appellant in the present matter, the appellant in *Van Orden,* 271 S.W.3d at 584, argued that the instruction should include the following language:

[c]lear and convincing evidence means that you are clearly convinced of the affirmative of the proposition to be proved. This does not mean that there may not be contrary evidence. For evidence to be clear and convincing it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and your mind is left with unabiding conviction that the evidence is true.

*Id.* The Supreme Court of Missouri found that the trial court did not err in rejecting the appellant's proposed jury instruction. *Id.*

■ The issue raised by Appellant has been addressed and decided by the Supreme Court of Missouri in *Van Orden* and this reviewing Court is " 'constitutionally bound to follow the most recent controlling decision of the Supreme Court of Missouri.' " *Warren v. State,* 291 S.W.3d 246, 249 (Mo.App.2009) (quoting *Savannah Place, Ltd. v. Heidelberg,* 164 S.W.3d 64, 68 (Mo.App.2005)). The trial court was correct in denying Appellant's request to submit Jury Instruction 5B to the jury and in allowing the State to present Jury Instruction 5. Appellant's point is denied.

The judgment of the probate court is affirmed.

BATES, P.J., and BURRELL, J., Concur.