In the Matter of the CARE AND TREATMENT OF Randy WOLFE, a/k/a Randy E. Wolfe, a/k/a Randy Eugene Wolfe, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 69017.

Missouri Court of Appeals, Western District.

July 31, 2009.

Emmett D. Queener, Esq., Columbia, MO, for appellant.

Gary L. Gardner, Esq., Jefferson City, MO, for respondent.

Before DIVISION THREE: HAROLD L. LOWENSTEIN, Presiding Judge, JOSEPH M. ELLIS and LISA WHITE HARDWICK, Judges.

LISA WHITE HARDWICK, Judge.

Randy Wolfe appeals from a judgment committing him to the custody of the Department of Mental Health as a sexually violent predator (SVP). Mr. Wolfe contends the circuit court abused its discretion in restricting his *voir dire* examination.[1] For reasons explained herein, we find no error and affirm the judgment.

On June 29, 2006, the State filed a petition seeking to commit Mr. Wolfe to civil confinement as an SVP. The petition was premised on Mr. Wolfe's 1987 convictions for two counts of sodomy and one count of first-degree sexual assault, for which he served five years in prison. At the time the petition was filed, Mr. Wolfe was incarcerated on a 2002 conviction for sexual misconduct and was scheduled for release on July 13, 2006.

The circuit court held a jury trial on the SVP petition in August 2007. During *voir dire*, the State informed the venire about Mr. Wolfe's prior convictions and the legal standards for proving SVP status. Mr. Wolfe's counsel then sought to question the prospective jurors about their ability to be fair and wait until all of the evidence was heard before making a decision.

[Counsel]: Being fair to Mr. Wolfe is going to be a hard thing to do, and you're going to hear some unpleasant things, and you're going to hear them first from the Attorney General, you're going to hear them before I get to cross-examine a single witness, and you're going to hear them before I get to put on any sort of defense ... And I want to talk to you about some of those bad things that you're going to hear, so that you can make sure that you can hold up to that oath to keep an open mind and not decide until all of the evidence is in.

You're going to hear from Dr. Kline. I expect that Dr. Kline will tell you that Mr. Wolfe is a pedophile, "pedophile" meaning he has attractions to pre-pubescent girls in this particular case, young girls. If you hear that, can you wait until the case is over to decide whether or not to commit Mr. Wolfe to the Department of Mental Health for care, con-

---

1. The Appellant's Brief raised additional points challenging the jury instructions and the constitutionality of the State's burden of proving the case by clear and convincing evidence. At oral argument, Wolfe conceded these points are no longer viable in light of two recent decisions: *In re Care & Treatment of Van Orden*, 271 S.W.3d 579 (Mo. banc 2008), and *In re Care & Treatment of Morgan*, 272 S.W.3d 909 (Mo.App.2009). Accordingly, the additional points will not be addressed herein.

trol and treatment? Can you keep an open mind until the end, if the first thing you hear is pedophile?

At least four venire members answered the final question in the negative. Several more were not sure they could be open-minded. One asked if it would be fair to believe that Mr. Wolfe needed help. Counsel responded it could be fair, but only after hearing all the evidence. The venireperson responded that she could "fairly hear all the evidence." Counsel responded, "Okay, 'fairly hear all the evidence.' Can you consider the possibility that he might not be a sexually violent predator?"

The State objected, arguing counsel was placing the venire in the position of judging the case before any evidence was heard. Counsel agreed to re-phrase the question and ask whether the venirepersons could hold off deciding the case until all the evidence was presented and hold the State to its burden of proof. The court allowed the questioning to proceed on that basis.

Later during *voir dire,* counsel informed the panel about Mr. Wolfe's hospitalizations:

[Counsel]: I believe that Dr. Kline will tell you that Mr. Wolfe has spent time in several mental hospitals: specifically, the Fulton State Hospital in Fulton, Missouri; the Mid–Missouri Mental Health Center; Colorado Mental Health Institute in Pueblo, Colorado; and the Fort Logan Mental Hospital in Fort Logan, Colorado.

In the follow-up colloquy with the venire members, counsel made further reference to Mr. Wolfe's history by stating, "Well when I go to the next section [of questions] it's not going to get any better." The State objected and explained its concern during a conference at the bench:

[Assistant Attorney General]: This is deliberately poisoning the jury, to believe ... that if they hear ... if this individual has committed these ... sexual offenses, has a diagnosis of pedophilia and been treated as ... for that diagnosis and has continued to offend, that somehow they're being unfair in forming conclusions about this case. I think it's ... given our ... pretrial conference, I believe this is deliberate. It's gone on the whole 20 minutes, and it's exactly what we talked about avoiding[.] [H]e's flagged for them the repeat offender, he's flagged for them the mental health diagnosis, he's flagged the treatment, outpatient or releasing him back into the community, hasn't stopped it. He's essentially conceded the whole case and then ... characterizes the fact that they've formed opinions about the case as being unfair.

The trial judge agreed, stating, "[W]hat I've heard, I mean how I interpret it is, you've essentially said, 'This guy is a pedophile. Will you let him go?'" The court precluded further *voir dire* about the factually specific allegations in the case but allowed counsel to make an offer of proof on the questioning he wanted to conduct:

[Counsel]: Here's my offer of proof, as to Section 7 of my voir dire, which regards prior arrests and convictions. First thing I say, The evidence may show that in 1973 in Boulder, Colorado, Mr. Wolfe was arrested for menacing and assault in that he held a knife to a woman's stomach and asked her to touch his penis. He was later sent to a mental hospital. The case was dismissed.

I expect the evidence may show that in 1974 in Higbee, Missouri, that Mr. Wolfe put a knife to the throat of a 20–year–old woman, told her not to scream, made her come with him. She got away

unharmed. Mr. Wolfe was convicted of first-degree assault.

1975, Mr. Wolfe attempted to assault a young lady in the alley behind a barbershop during the middle of the day. He was convicted of attempting to molest.

1978, Mr. Wolfe sexually assaulted his five-year-old niece. Injuries included vaginal tears and scratching. No charges were filed by the family. Mr. Fulton—Wolfe went to the Fulton Mental State Hospital instead.

In 1987, I expect the evidence will be that in Randolph County, over a period of several months, Mr. Wolfe sexually abused three of his nieces, W.W., age 13; T.W., age ten; M.W., age six. He was found guilty of two counts of sodomy and one count of deviant sexual assault.

In 1996, St. Louis County, Mr. Wolfe asked a woman if she wanted money for sex. She said no, so he offered her a large sum of money. She got scared and ran into an open business.

2001 in Macon, Mr. Wolfe was babysitting, over a period of time, P.J., age nine, and C.J. her younger sister. Mr. Wolfe offered P.J. money to touch her breasts. He put his hands on her breasts and gave her a hickey. He was convicted of sexual assault in the first degree, I believe."

And at that point, I ask the question that we discussed in the jury room ... "Can you wait until the case is over to decide whether or not to commit Mr. Wolfe to the Department of Mental Health for care, control and treatment?"

The court ruled that the detailed questioning was improper and unnecessary because the venire panel had already heard general information concerning Wolfe's criminal convictions, diagnosis of pedophilia, and institutionalizations. The judge explained that getting into the "specifics"

would be akin to arguing the case in *voir dire* and asking the jury to decide the matter prior to hearing any evidence. The court limited any further venire questioning regarding the specifics of Mr. Wolfe's pedophilia, the crimes he committed, and his mental health treatment.

At trial, the State presented expert testimony from Dr. Jeffrey Kline, a psychologist who conducted an SVP evaluation of Mr. Wolfe. His testimony established many of the facts referred to in the offer of proof. Mr. Wolfe's counsel cross-examined Dr. Kline but did not present additional evidence.

The jury found Mr. Wolfe to be an SVP. The circuit court committed him to the Department of Mental Health for care, control, and treatment.

In this appeal, Mr. Wolfe contends the court erred in limiting his *voir dire* inquiries. He argues that the jury selection process requires " 'revelation of some portion of the facts of the case' " in order to ferret out bias and prejudice in the venire members. *State v. Clark*, 981 S.W.2d 143, 147 (Mo. banc 1998) (*quoting State v. Leisure*, 749 S.W.2d 366, 373 (Mo.banc 1988)). Thus, he asserts an insufficient description of the facts during *voir dire* jeopardizes a party's right to a fair and impartial jury.

The primary purpose of *voir dire* is to allow the selection of a fair and impartial jury through questions that may form the basis of challenges for cause and reveal information that may be useful in making peremptory challenges. *Keltner v. K–Mart Corp.*, 42 S.W.3d 716, 721 (Mo. App.2001). The trial court must determine the propriety of a *voir dire* question within the context of the particular case. *Clark*, 981 S.W.2d at 146. Counsel is not permitted to try the case during jury selection and, thus, argument or " 'a presentation of the facts in explicit detail' " is

inappropriate. *Id.* (*quoting State v. Antwine,* 743 S.W.2d 51, 58 (Mo. banc 1987)).

■ The trial court has discretion to judge the appropriateness of specific questions to the venire. *State v. Delancy,* 258 S.W.3d 110, 113 (Mo.App.2008). The trial judge is in the best position to gauge whether the disclosure of facts on *voir dire* adequately protects the right to an impartial jury while avoiding a prejudicial presentation of the evidence. *Id.* On appellate review, we will reverse the trial court's *voir dire* ruling only for abuse of discretion and a showing of prejudice from such abuse. *Id.*

■ Here, the record indicates that the circuit court allowed *voir dire* questioning on the critical facts that had substantial potential for revealing any disqualifying bias among the prospective jurors. The venire was made aware of Mr. Wolfe's relevant convictions for sexual offenses in 1987 and 2001, his incarcerations, his multiple hospitalizations in mental health facilities, and his diagnosis of pedophilia. For example, Mr. Wolfe's counsel told the panel to expect testimony from a medical expert that Mr. Wolfe is a "pedophile[,] meaning he has attractions to prepubescent girls [and] in this particular case, young girls." Counsel was permitted to ask the venirepersons whether they could "keep an open mind until the end, if the first thing you hear is pedophile?"

The additional facts identified in counsel's offer of proof were not necessary to explore juror bias on the key issues in this SVP case. Beyond the fact that Mr. Wolfe had multiple convictions, imprisonments, and institutionalizations for sexual abusing children, there was no further need to inform the venire of the ages of the victims, the injuries sustained, the circumstances of the abuse, and the relationship of the victims to Mr. Wolfe. The circuit court expressed a reasonable concern that such detail would cross the line into argument and effectively submit the case to the jury in *voir dire,* before any evidence was heard.

■ Soliciting responses on the specific facts or circumstances of a case is improper when it appears calculated to predispose jurors to react to anticipated evidence in a particular way or to commit to a certain outcome. *Clark,* 981 S.W.2d at 146–47; *Delancy,* 258 S.W.3d at 114. This likelihood was exemplified when, after discussing the evidence of pedophilia, counsel inquired whether a prospective juror could "consider the possibility that Wolfe was not an SVP?" Inviting jurors to commit to "being fair" in light of explicit detail effectively elicits a commitment to a verdict in Mr. Wolfe's favor, regardless of the evidence later presented.

Mr. Wolfe's counsel was given multiple opportunities to explore potential areas of juror bias and inquire whether the venire could keep an open mind until all of the evidence was heard, even if it included "bad things." The circuit court did not abuse its discretion in limiting the *voir dire* to the critical facts and issues in this SVP case. We find no violation of Mr. Wolfe's right to a fair and impartial jury and no prejudice. The point on appeal is denied.

We affirm the circuit court's judgment.

All Concur.