

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| IN THE MATTER OF THE CARE AND TREATMENT OF R.H., | ) ) ) | No. ED109733 |
| | ) | Appeal from the Circuit Court |
| Appellant. | ) | of St. Charles County |
| | ) | |
| | ) | Honorable Philip J. Ohlms |
| | ) | |
| | ) | |
| | ) | FILED: August 9, 2022 |

## Introduction

R.H. appeals from the trial court's judgment following a jury trial committing him to the custody of the Department of Mental Health ("DMH") as a sexually-violent predator ("SVP") under Section 632.480.[1]  In his sole point on appeal, R.H. claims the trial court abused its discretion by excluding a question during voir dire about his capacity to change.  Because R.H. sufficiently examined the venire panel for bias on the subject of his capacity to change through other questions, we find the trial court's exclusion was not prejudicial and therefore deny his point on appeal.  Accordingly, we affirm the trial court's judgment.

## Factual and Procedural History

Prior to the commitment trial at issue in this appeal, R.H. was previously convicted of multiple sexually-violent offenses as defined under Section 632.480, including a recent prison

---

[1] All Section references are to RSMo (2016), unless otherwise indicated.

sentence for sexually assaulting his wife's niece. In 2017, Dr. Nena Kircher ("Dr. Kircher") conducted an evaluation on R.H. prior to his release from prison for the assault on his wife's niece and determined that R.H. had a high risk of reoffending. Dr. Kircher concluded that R.H. had a mental abnormality and diagnosed him with "other-specified personality disorder with both borderline and anti-social features, and other-specified paraphilia non-consent."

On March 5, 2018, the State filed its petition requesting the trial court find R.H. to be an SVP and order that he be committed to the custody of DMH. The commitment case proceeded to trial. During voir dire, several prospective jurors responded that they could not be impartial after counsel informed them R.H. had been convicted of at least one sexually-violent offense. More prospective jurors stated they could not be impartial after counsel read the past sexually-violent offenses R.H. committed. R.H. then asked if anyone on the venire panel knew someone "who has made bad decisions in their life and turned over a new leaf?" The State objected to the inquiry, arguing the question was "far afield from anything that would qualify or disqualify the jury in this case." The trial court sustained the objection, but permitted R.H. to ask whether they knew anyone who recovered from addiction. Several prospective jurors responded affirmatively when defense counsel asked: "Is there anyone here who thinks sex offenders will always reoffend?" No prospective jurors raised their hand when asked if they believed it was "okay to be judged solely on the past?" More prospective jurors were stricken for cause because they indicated that, due to there being multiple victims, they believed R.H. had "proven [he] can't change." Every prospective juror who admitted bias was stricken for cause.

At trial, several doctors, including Dr. Kircher, testified via live testimony or deposition regarding their evaluations of R.H. and his potential for reoffending. Dr. Melanie Nichols ("Dr. Nichols") and Dr. Harry Goldberg ("Dr. Goldberg") diagnosed R.H. with paraphilia not

otherwise specified non-consent, and found him more likely than not to reoffend. Dr. Ronald Partridge ("Dr. Partridge") also diagnosed R.H. with paraphilia not otherwise specified non-consent, however, he testified that he thought R.H. was not more likely than not to reoffend.

At the close of trial, the jury found R.H. to be an SVP. In his motion for new trial, R.H. maintained, among other claims, that the trial court erred in sustaining the State's objection when R.H. asked if anyone on the venire panel knew someone who had "turned over a new leaf." This appeal follows.

Point on Appeal

In his sole point on appeal, R.H. maintains the trial court abused its discretion in prohibiting him from questioning the venire panel about whether a sex offender could cease offending and "turn over a new leaf." R.H. reasons that a sex offender's ability and capacity to change was a critical fact that had substantial potential for revealing any disqualifying juror bias and thus the exclusion prejudiced the outcome of his trial.

Standard of Review

A trial court has broad discretion in determining the appropriateness of questions during voir dire. Matter of D.N., 598 S.W.3d 108, 115 (Mo. banc 2020). We therefore review a trial court's ruling restricting voir dire for an abuse of discretion. Id. "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." State v. Howell, 626 S.W.3d 758, 764 (Mo. App. W.D. 2021) (citing State v. Johnson, 207 S.W.3d 24, 40 (Mo. banc 2006)). "Where reasonable persons can differ about the propriety of the action taken by the trial court, no abuse of discretion will be found." D.N., 598 S.W.3d at 115 (citing Johnson, 207 S.W.3d at 40). In reviewing the trial court's voir-dire ruling, we will find

3

reversible error only where an abuse of discretion is found and the defendant can demonstrate prejudice. Id. at 115–16.

Discussion

R.H. argues that during voir dire, he was unable to adequately probe the venire panel for bias on the critical fact of whether a sex offender was likely to reoffend. In particular, R.H. charges the trial court with error for excluding his question about whether prospective jurors knew someone who had "turned over a new leaf."

Defendants have a constitutional right to trial by a fair and impartial jury. In re Braddy, 559 S.W.3d 905, 914 (Mo. banc 2018) (citing Mo. Const. art. I, Section 22(a)). "The purpose of voir dire is to discover bias or prejudice in order to select a fair and impartial jury." State v. Walker, 448 S.W.3d 861, 867 (Mo. App. E.D. 2014) (citing State v. Clark, 981 S.W.2d 143, 146 (Mo. banc 1998)). The trial court is in the best position to determine whether the disclosure of facts on voir dire adequately protects the defendant's right to an impartial jury while avoiding a prejudicial presentation of the evidence. D.N., 598 S.W.3d at 115 (internal citation omitted).

A critical fact is "a fact that has the substantial potential to expose a disqualifying bias." State v. Fields, 624 S.W.3d 414, 418 (Mo. App. W.D. 2021) (citing Clark, 981 S.W.2d at 147). Clark found an abuse of discretion where the trial court wholly restricted voir dire on the subject of a victim's age which improperly prevented the defense from uncovering juror bias towards protecting child victims. Clark, 981 S.W.2d at 147. Clark determined that bias against a defendant who assaulted a child could not be examined without divulging to the venire panel the critical fact that the victim was a child. Id.

Here, R.H. suggests that examining the venire panel's beliefs about a sex offender's capacity to change is a critical fact similar to the age of the victim in Clark. See id. Section

4

632.480 defines an SVP as "any person who suffers from a mental abnormality which makes the person *more likely than not to engage in predatory acts of sexual violence* if not confined in a secure facility." (emphasis added). R.H. asserts that the general public assumes sex offenders lack the capacity to change and reoffend at a high rate. We recognize that questioning the venire panel about preconceived prejudices regarding a sex offender's capacity to change would potentially reveal disqualifying bias. See King v. State, 571 S.W.3d 169, 173 (Mo. App. W.D. 2019) (discussing the importance of finding that an alleged SVP "present[s] a substantial risk of reoffending"). A fundamental purpose of a commitment trial for an alleged SVP is to evaluate the risk of reoffending. See id. Indeed, R.H.'s risk of reoffending was extensively examined at trial through testimony from Dr. Kircher, Dr. Nichols, and Dr. Goldberg, who each opined that R.H. was more likely than not to reoffend and from Dr. Partridge, who believed R.H. was not more likely than not to reoffend.

The record before us clearly shows that the trial court merely limited and did not entirely preclude questioning into the topic of R.H.'s capacity to change during voir dire. In so doing, the trial court exercised its discretion "to determine the propriety of a voir dire question within the context of a particular case." Wolfe v. State, 291 S.W.3d 829, 832 (Mo. App. W.D. 2009) (citing Clark, 981 S.W.2d at 146). Even if we were to find that the excluded voir-dire question was probative of a critical fact relevant to bias, the trial court's ruling did not prejudice R.H. when viewing the voir dire in its entirety. See D.N., 598 S.W.3d at 115–16.

Our review of the record indicates this case more closely resembles D.N. than Clark. In D.N., the defendant attempted to present the specific ages of the victims to the venire panel, but the trial court allowed only general references to the victims' ages. D.N., 598 S.W.3d at 116–17. On appeal, the Supreme Court affirmed the trial court's voir-dire ruling, holding that any

5

potential bias as to the age of the victims was sufficiently examined through other means. Id. Here, similarly, the trial court allowed R.H. to inquire of the venire panel's thoughts regarding a sex-offender's capacity to change. Indeed, R.H.'s questioning resulted in many prospective jurors being stricken for cause when admitting to their inability to be impartial because R.H. was previously convicted of only *one* sexually-violent offense. See Wolfe, 291 S.W.3d at 832 (citing Clark, 981 S.W.3d at 146). Additional prospective jurors were stricken for cause when admitting bias because R.H. had been convicted of sexually-violent offenses against multiple victims. See id. Venire persons who shared their belief that *sex offenders will always reoffend* were also stricken for cause. See id. Importantly, R.H. asked the venire panel, without objection, if any of them believed that committing sexually-violent offenses against multiple victims meant a sex offender had "proven they can't change." See id.

The record shows that R.H. was successful in identifying prospective jurors who showed bias because R.H. committed sexual offenses against multiple victims or who believed sex offenders especially were likely to reoffend if they had assaulted multiple victims in the past. The record confirms that R.H. was provided ample opportunity to probe the venire panel on the issue of bias as to his capacity for change, including questioning prospective jurors on their opinions regarding whether sex offenders will always reoffend and whether a sex offender's acts against multiple victims indicates a lack of capacity to change. See D.N., 598 S.W.3d at 116–17. We are not persuaded that the trial court's exclusion of one question about "turning over a new leaf" prevented R.H. from sufficiently and adequately examining the prospective jurors on their biases regarding a sex offender's capacity to change. See id. at 115–16. R.H. has not sustained his burden of proving prejudice as a result of the trial court's exclusion of a single question

6

during voir dire.  See id. at 115–16.  Accordingly, we find no abuse of discretion.  See id. at 115–16.  Point One is denied.

Conclusion

The judgment of the trial court is affirmed.

_____
KURT S. ODENWALD, Judge

Lisa P. Page, P.J., concurs.
Thomas C. Clark II, J., concurs.