**In the Matter of the Care and Treat-
ment of Javier CALLEJA, Re-
spondent/Appellant.**

**No. ED 96158.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 13, 2011.

Application for Transfer to Supreme Court
Denied Jan. 23, 2012.

Application for Transfer Denied
April 3, 2012.

Erika R. Eliason, Columbia, MO, for appellant.

Chris Koster, Timothy A. Blackwell, Attorney General Assistant Attorney General, Jefferson City, MO, for respondent.

**KATHIANNE KNAUP CRANE,** Presiding Judge.

Respondent, Javier Calleja, appeals from the judgment entered on a jury verdict committing him to the Missouri Department of Mental Health (DMH) as a sexually violent predator. Respondent challenges the probate court's exclusion of evidence of respondent's immigration status and any deportation order. We affirm.

While respondent was serving a five-year prison sentence after pleading guilty to first-degree statutory sodomy, the state filed a petition with the probate court to involuntarily commit respondent as a sexually violent predator pursuant to section 632.480 RSMo (Cum.Supp.2010).[1] The state thereafter filed a motion in limine requesting that the probate court exclude all evidence of respondent's illegal alien status, any potential deportation order, and habeas corpus petition. In support of its motion, the state asserted that evidence of respondent's status as an illegal alien was irrelevant and prejudicial. The probate court sustained the state's motion in limine and prohibited any evidence on respondent's status in the United States in the following language:

> But with regard to his status here in the United States, whether or not he is subject to any orders regarding his status in the United States, whether or not he will be released to the country of Mexico or not, anything along those lines developing that line of evidence, that evidentiary development is what I am prohibiting and that there should not be testimony with that regard.

At trial, the state called Richard Scott, Ph.D., a psychologist who performs sexually violent predator evaluations for the DMH, who testified to his conclusion that to a reasonable degree of psychological certainty respondent is a sexually violent predator and is more likely than not to commit another predatory act of sexual violence if not confined in a secure facility. After the state completed its direct exami-

---

1. All further statutory references are to RSMo (Cum.Supp.2010).

nation of Dr. Scott, the court took a recess. During the recess, respondent's attorney made an offer of proof through Dr. Scott on the evidence excluded by the motion in limine. Dr. Scott testified that he was aware of a "detainer" on respondent, and that depending on federal procedures, a detainer could result in a deportation order that would deport respondent back to Mexico. After this offer of proof, the probate court reaffirmed its earlier ruling and disallowed any evidence about a deportation order, whether respondent was subject to a deportation order, whether he would or would not be sent to Mexico, or whether confinement would reduce the risk of reoffending.

## DISCUSSION

In his sole point on appeal, respondent asserts that the probate court abused its discretion by granting the state's motion in limine and excluding evidence of respondent's immigration status and any deportation order because this evidence was relevant to the jury's determination of whether respondent was a danger to society and whether secure confinement in Missouri was necessary.

■■■■ "When a motion in limine is sustained, its propriety is judged by the admissibility or inadmissibility of the excluded evidence." *Brown v. Hamid*, 856 S.W.2d 51, 55 (Mo. banc 1993). The trial court has broad discretion to admit or exclude evidence, and we will not reverse the trial court's ruling absent an abuse of discretion. *Id.* at 56; *Murrell v. State*, 215 S.W.3d 96, 109 (Mo. banc 2007). An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable that it shocks the sense of justice and indicates a lack of careful consideration. *Murrell*, 215 S.W.3d at 109. Because we review for

prejudice, not mere error, we will affirm the trial court's ruling unless it had a material effect on the outcome of the trial. *Id.* at 109–10.

■■■■ "The test for relevancy is whether an offered fact tends to prove or disprove a fact in issue or corroborates other relevant evidence." *Hamid*, 856 S.W.2d at 56. " 'Exclusion of evidence of collateral matters is demanded when the evidence introduces many new controversial points and a confusion of issues would result.' " *Id.* (quoting *Jones v. Terminal R.R. Ass'n of St. Louis*, 242 S.W.2d 473, 477 (Mo. 1951)).

■■ The jury in a civil commitment trial must find, by clear and convincing evidence, that the person named in the petition is a "sexually violent predator." Section 632.495; *In re Van Orden*, 271 S.W.3d 579, 585–86 (Mo. banc 2008). A "sexually violent predator" is statutorily defined as follows:

> (5) **"Sexually violent predator"**, any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:
>
> (a) Has pled guilty or been found guilty, or been found not guilty by reason of mental disease or defect pursuant to section 552.030 of a sexually violent offense; . . . .

Section 632.480(5). The statute defines a mental abnormality as:

> (2) **"Mental abnormality"**, a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others; . . . .

Section 632.480(2).

Thus, for an offender who has pleaded guilty to a sexually violent offense to be

committed, the jury must find, by clear and convincing evidence, two additional elements: (1) That the offender suffers from a mental abnormality; and (2) that the mental abnormality makes the offender more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility. Section 632.480(5)(a); *Lewis v. State,* 152 S.W.3d 325, 328–29 (Mo.App.2004). "The question is whether [the offender] suffers from a mental abnormality that makes him more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility," and "not whether some external constraints make it less likely that he would engage in such acts." *Lewis,* 152 S.W.3d at 332. Under this rule, a trial court does not abuse its discretion in excluding evidence that an offender would be under supervised probation if released, *id.* at 330–32, or evidence that medication and treatment to control an offender's behavior would be available if he was not committed. *Care and Treatment of Cokes v. State,* 183 S.W.3d 281, 285–86 (Mo.App. 2005).

Here, evidence of respondent's immigration status or evidence that respondent might be subject to deportation if released was not relevant to the disputed issues to be decided, which were whether respondent suffered from a mental abnormality, and whether this mental abnormality made respondent more likely than not to engage in predatory acts of sexual violence if he was not confined in a secure facility. Respondent's immigration status was an "external constraint" that was irrelevant to the issues to be decided by the jury.

The trial court did not abuse its discretion by excluding evidence of respondent's immigration status and any deportation order. Point one is denied.

*Conclusion*

The Judgment and Commitment Order is affirmed.

LAWRENCE E. MOONEY, J. and KENNETH M. ROMINES, J., concur.