In the Matter of the Care and
Treatment of James E.
LEWIS, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 62339.

Missouri Court of Appeals,
Western District.

Oct. 5, 2004.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 23, 2004.

Application for Transfer Denied
Jan. 25, 2005.

Emmett D. Queener, Columbia, MO, for Appellant.

Cherylayn C. Nield, Jefferson City, MO, for Respondent.

Before THOMAS H. NEWTON, P.J., HAROLD L. LOWENSTEIN and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Presiding Judge.

## BACKGROUND

Since 1980, Mr. James E. Lewis has been convicted of three sex crimes. Before his scheduled release from prison, the state began civil commitment proceedings against Mr. Lewis under Missouri's sexually-violent predator (SVP) law, asserting that he is a sexually-violent predator.[1] *See* §§ 632.480–632.513. The jury returned a unanimous verdict and found that Mr. Lewis "should be committed to the Department of Mental Health for control, care, and treatment as a sexually violent predator."

## LEGAL ANALYSIS

### Preservation of Error—Objection to the Verdict Form

■ In his first point, Mr. Lewis argues that the verdict form was defective because it did not require the jury to find that he is a sexually-violent predator. As the State points out, however, this is not the same objection that Mr. Lewis raised during the instruction conference. At that time, he objected only that the verdict form required "a finding not required by the statute." In his subsequent motion for new trial he objected not only that the verdict form required a finding that was not required by the statute but that it also "fail[ed] to require the jury to actually find [Mr. Lewis] is a sexually violent predator." Mr. Lewis again objects on appeal that the verdict form failed to require the jury to find that he is a sexually-violent predator.

■ "[A]n objection to a verdict form may not be raised for the first time in a motion for new trial." *Adams v. Children's Mercy Hosp.,* 848 S.W.2d 535, 541 (Mo.App. W.D.1993). "To be timely raised, an objection must be raised either at the instruction conference, or when the verdict is returned by the jury, before it is accepted by the court." *Id.* Because Mr. Lewis objected for the first time in his motion for new trial that the verdict form failed to require the jury to find that he is a sexually-violent predator, he has waived that objection here. *See id.* We can review his first point only for plain error. Rule 84.13(c).[2] Plain errors are clear, evident and obvious. *State v. Hawthorne,* 74 S.W.3d 826, 829 (Mo.App. W.D.2002). We will "find plain error only where the al-

---

1. Unless otherwise indicated, all statutory references are to RSMo 2000.

2. Unless otherwise indicated, all rule references are to Missouri Court Rules (2004).

leged error facially establishes substantial grounds for believing that a manifest injustice or miscarriage of justice has occurred." *State v. Baker*, 103 S.W.3d 711, 723 (Mo. banc 2003) (internal quotation marks and citation omitted).[3] To establish that an error involving a verdict director or a verdict form rises to the level of plain error, Mr. Lewis "must demonstrate that the trial court so misdirected or failed to instruct the jury that it is evident that the instructional error affected the jury's verdict." *Id.* We do not believe that any error in the verdict form in this case rises to such a level.

The jury in a civil commitment trial must find unanimously and beyond a reasonable doubt that the person is a sexually-violent predator. § 632.495. Mr. Lewis argues that the verdict form in this case focuses on whether he should be committed to the Department of Mental Health—at best, an irrelevant finding given the jury's sole duty to announce whether he is a sexually-violent predator.

 "In construing the verdict and judgment, a few general rules must be observed." *Morse v. Johnson*, 594 S.W.2d 610, 616 (Mo. banc 1980). First, "the verdict must be clear and unambiguous so that a judgment may be written upon it without resorting to inference or to construction." *Id.* Second, "if from a consideration of the whole record the meaning of the jury can be made clear and the judgment is based upon what the jury actually found, it will be upheld." *Id.* Third, "verdicts should be construed to give them effect if it can reasonably be done." *Id.* Fourth, "the jury's intent is to be arrived at by regarding the verdict liberally." *Id.* And fifth, "although defective in form, if a

verdict substantially finds the question in issue in such a way as will enable the court intelligently to pronounce judgment thereon for one or the other party, it is sufficiently certain." *Id.*

The verdict form meets these criteria. Contrary to Mr. Lewis' argument, the verdict form did not require the trial court to infer or construe that the jury found him to be a sexually-violent predator. The verdict form did not simply say that Mr. Lewis should be committed to the Department of Mental Health. It also said that he should be committed "as a sexually violent predator." Although the verdict form may not be ideal, we cannot say that it so misdirected or failed to instruct the jury that it is clear, evident or obvious that the error affected the jury's verdict.

 In any event, "[v]erdict forms are not entitled to the same presumption as instructions in connection with preservation of error for appeal." *Vancil v. Carpenter*, 935 S.W.2d 42, 48 (Mo.App. W.D. 1996). "The trial judge's responsibility ... is much less when dealing with verdict forms as opposed to jury instructions. The form of the verdict is not an instruction, and it is the latter which is to guide the jury in reaching the proper verdict." *Lindsey Masonry Co. v. Jenkins & Assocs.*, 897 S.W.2d 6, 12 (Mo.App. W.D. 1995).

Mr. Lewis concedes that the trial court properly submitted a verdict director setting out the elements that the jury had to find beyond a reasonable doubt. That verdict director said:

If you find and believe from the evidence beyond a reasonable doubt:

---

**3.** Although the case before us pertains to a civil commitment proceeding, the rules governing plain error in civil and criminal cases are "substantially similar such that cases construing one may be equally applicable to plain error review under the other." *Davolt v. Highland*, 119 S.W.3d 118, 135 n. 14 (Mo. App. W.D.2003).

First, that the respondent pleaded guilty to forcible sodomy in the Circuit Court of Jackson County, State of Missouri, on October 13, 1989, and

Second, that the offense for which the respondent was convicted was a sexually violent offense, and

Third, that the respondent suffers from a mental abnormality, and

Fourth, that this mental abnormality makes the respondent more likely than not to engage in predatory acts of sexual violence if he is not confined in a secure facility, then you will find that the respondent is a sexually violent predator.

Thus, the jury was correctly instructed that it had to find beyond a reasonable doubt that Mr. Lewis is a sexually-violent predator. And "[i]t is well-established law that the verdict directing instruction and the verdict form are to be read together." *Id.* Since the verdict director correctly guided the jury in reaching its verdict and because that instruction must be read together with the verdict form, we do not believe that Mr. Lewis has demonstrated that the jury was misled or confused by the verdict form. *Id.* For these reasons, we deny his first point.

**Instruction Error**

■ In his second point, Mr. Lewis complains that the trial court erred in giving instruction number seven, which informed the jury about what would happen to him if the jury found him to be a sexually-violent predator. The instruction said: "If you find [Mr. Lewis] to be a sexually violent predator, [he] shall be committed to the custody of the director of the Department of Mental Health for control, care and treatment." Mr. Lewis argues that the trial court should not have given this instruction for two reasons. First, he argues that the instruction diverted the jury from its sole responsibility—determining whether he is a sexually-violent predator—by focusing on treatment, a matter irrelevant to the jury's deliberations. Second, he argues that the instruction minimized the jury's sense of responsibility for its verdict by emphasizing that the purpose of the law is treatment, as opposed to confinement.

■ We will not reverse the trial court's ruling on an instruction unless the trial court abused its discretion. *In re Care & Treatment of Scates,* 134 S.W.3d 738, 741 (Mo.App. S.D.2004). And "[t]he giving of an alleged erroneous instruction is not grounds for reversal unless the appealing party was prejudiced thereby." *Id.* (internal quotation marks and citation omitted).

Ordinarily, we would look to the Missouri Approved Instructions for guidance in resolving this question. Whenever MAI contains an instruction applicable to a particular case, that instruction must be given to the exclusion of any other instruction on the same subject. Rule 70.02(b). As this court's southern district recently pointed out, however, there are no applicable MAI instructions in SVP cases. *Scates,* 134 S.W.3d at 742. When there is no applicable MAI instruction—so that the court must give a non-MAI instruction—the instruction given must be "simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." Rule 70.02(b). And in giving such a non-MAI instruction, "the court must adopt an instruction that follows the substantive law and can be readily understood by the jury." *Scates,* 134 S.W.3d at 742 (internal quotation marks and citations omitted).

The instruction in this case followed the substantive law, which specifically says:

If the [SVP] trial is held before a jury, the judge shall instruct the jury that if it

finds that the person is a sexually violent predator, the person shall be committed to the custody of the director of the department of mental health for control, care and treatment.

§ 632.492, RSMo. Cum.Supp.2003.

Recognizing that such an instruction follows the substantive law, this court's southern district recently approved the giving of it. *See Scates,* 134 S.W.3d at 741–42. *Accord, In re Care & Treatment of Boone,* No. ED 82669–01, 2004 WL 1880904, at *5 (Mo.App. E.D. Aug.24, 2004). Like the instruction in this case, the instruction in *Scates* said: "If you find [Appellant] to be a sexually violent predator, [the Appellant] shall be committed to the custody of the director of the department of mental health for control, care and treatment." 134 S.W.3d at 742. And like Mr. Lewis, the appellant in *Scates* argued that the instruction was improper because it diverted the jury from its sole responsibility and because the instruction minimized the jurors' sense of responsibility for their verdict. *Cf. id.* at 741–42. The court found these arguments unpersuasive in light of the clear command contained in section 632.492. *Id.* at 742.

The southern district also found these arguments unpersuasive because Mr. Scates had tendered an instruction that contained the same language as the given instruction. *Id.* It appears that Mr. Lewis likewise tendered an instruction containing the same language as the instruction that the court ultimately gave in this case. For these reasons, Mr. Lewis' second point lacks merit and is denied.

**Limitations on Cross–Examination**

■ In his third point, Mr. Lewis contends that the trial court abused its discretion when it prohibited him from cross-examining his former probation and parole officer to show that Mr. Lewis would still be under supervised probation even if he were released following the SVP hearing. Mr. Lewis contends that the evidence was relevant to his defense because the safeguard of rigorous supervision during probation makes it less likely that he would "engage in predatory acts of sexual violence if not confined in a secure facility." § 632.480(5).

■ "A trial court has considerable discretion in determining whether evidence should be admitted or excluded." *Thornton v. Gray Auto. Parts Co.,* 62 S.W.3d 575, 583 (Mo.App. W.D.2001). We may reverse the trial court only when the exclusion of evidence amounts to such an abuse of discretion as to shock the sense of justice or indicate an absence of careful consideration. *Id.* Even then, however, we will not reverse unless the error had a material effect on the merits of the action. *Id.*

None of the cases cited by Mr. Lewis supports his claim that the trial court abused its discretion on this question. *In re Avery* involves a sex offender classification hearing rather than a civil commitment proceeding. *See* 47 P.3d 973, 975 (Wyo.2002). Unlike the Missouri sexually-violent predator statute, the Wyoming statute in *Avery* specifically provided for consideration of "[c]onditions of release that minimize risk of reoffense, including whether the offender is under supervision of probation or parole." *Id.* And unlike this case, *Avery* did not address the exclusion of evidence, but rather the sufficiency of the evidence presented. *Id.* For these reasons, *Avery* is inapposite.

In *In re Commitment of Lombard,* jurors in a civil commitment hearing sent a note to the trial court during deliberations, asking what would happen if the subject of the hearing were discharged from custody. 271 Wis.2d 529, 678 N.W.2d 338, 341 (2004). Specifically, the jurors wanted to

know whether he would be on parole or some form of supervised probation. *Id.* The trial court responded by telling the jurors that they should not be concerned about what would happen because the court would address that issue after the jury addressed the only issue before it: whether the subject was a sexually-violent predator. *Id.* On appeal, the subject of the hearing insisted that the trial court should have told the jurors that he would remain under supervision of the state department of corrections if he were discharged because that information "was crucial to the determination the jury was asked to make on his future dangerousness." *Id.* at 342. The Wisconsin Court of Appeals rejected this argument, pointing out that neither case law nor statutes required the trial court to instruct the jury on the consequences of discharge and holding that such consequences were irrelevant to the sole question before the jury—whether the subject was a sexually-violent predator. *Id.* at 342–43. As the court explained:

> The answer to that question ... depended upon whether Lombard had a mental disorder that created a substantial probability he would engage in future acts of sexual violence. The jury was not asked to decide whether there were conditions that would make Lombard less dangerous if he were discharged.

*Id.* at 343.

Mr. Lewis correctly cites *Commonwealth v. Beeso* for the proposition that "additional opportunity for supervision of the defendant in the context of a criminal sentence, through parole or probation is viewed by experts as a protective element that would lower risk." No. 011649, 2003 WL 734415, at * 7 (Mass.Super.Feb.3, 2003). But that Massachusetts case does not explain the source of the quoted statement; it tells us nothing about whether such a view would (or should) prevail under Missouri's SVP statute.

The pair of California cases that Mr. Lewis cites do not apply either because one is an unpublished opinion that cannot be considered as precedent,[4] and the other[5] does not support the argument. Furthermore, Mr. Lewis fails to cite a recent California decision that expressly rejects a nearly identical argument. *See People v. Krah,* 114 Cal.App.4th 534, 7 Cal.Rptr.3d 853, 859–61 (2003). Like Mr. Lewis, the subject of the SVP hearing in *Krah* argued that the trial court abused its discretion by excluding evidence regarding the terms and conditions of parole if released from custody. *Id.* at 859. Mr. Krah argued that this evidence was relevant to the jury's determination of his likelihood for engaging in sexually-violent criminal behavior. *Id.* at 860.

Similar to Missouri's SVP statute, the California law defines a sexually-violent predator as "a person who has been convicted of a sexually violent offense against two or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." *Id.* at 859–60 (internal quotation marks and citation omitted).

The California Court of Appeals concluded that evidence regarding probation and parole was not relevant to the determination that the jury must make under the California SVP law and said:

> Krah's theory of relevance reflects a fundamental misunderstanding of [the California statute]. This statutory provision directs the trier of fact to determine whether the defendant has a *"diagnosed mental disorder"* that

---

**4.** *People v. Samuel,* No. 8162722, 2004 WL 616310 (Cal.App. 2 Dist. March 30, 2004)

**5.** *People v. Grassini,* 113 Cal.App.4th 765, 6 Cal.Rptr.3d 662 (2003).

3

32

predisposes him to engage in sexually violent criminal behavior. Evidence of the terms and conditions of a parole release is simply not relevant to the determination whether the defendant has the type of medical condition that is an element of the definition of a sexually violent predator. Further, admitting such evidence might well confuse and mislead a jury. For example, a jury presented with such evidence might mistakenly base its determination on an assessment of the likely effectiveness of the policing function or the prospective parole officer rather than on the relevant evidence pertaining to the defendant's actual mental condition. Section 6601(a)(1) simply does not ask or even permit the trier of fact to consider whether imposing temporary restrictions on the defendant's liberty while he is out of custody would effectively prevent him from committing offenses that his condition otherwise disposes him to commit.

*Id.* at 860.

The same is true under Missouri's SVP statute. The question is whether Mr. Lewis "suffers from a mental abnormality" that makes him "more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility." § 632.480(5), RSMo Cum.Supp.2003. The question is not whether some external constraints make it less likely that he would engage in such acts. Because the trial court did not abuse its discretion in excluding evidence of probation, Mr. Lewis' third point is denied and the judgment of the trial court is affirmed.

HAROLD L. LOWENSTEIN and RONALD R. HOLLIGER, JJ. concur.