**In the Matter of the Care and Treatment of John W. MORGAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 68634.**

Missouri Court of Appeals,
Western District.

Jan. 6, 2009.

Emmett D. Queener, Columbia, MO, for appellant.

Alana M. Barragan–Scott, Columbia, MO, for respondent.

Before JAMES M. SMART, JR., LISA WHITE HARDWICK, and JAMES E. WELSH, JJ.

JAMES M. SMART, JR., Judge.

John Morgan appeals the judgment of the Jackson County Circuit Court committing him to secure confinement in the custody of the Department of Mental Health as a sexually violent predator. Morgan asserts on appeal that the trial court erred in failing to submit two of his offered

instructions to the jury. The judgment is affirmed.

### Facts

Morgan pleaded guilty on January 21, 1993, to one count of sodomy and three counts of first-degree sexual abuse involving minor girls. He was sentenced to seven years in prison. Shortly before he was scheduled to be released from prison, the State filed a petition to commit him to the custody of the Department of Mental Health for secure confinement as a sexually violent predator.

Contradictory evidence was presented at the hearing on the State's petition. During the hearing, Morgan objected to two jury instructions and offered alternative instructions. His objections were overruled, and the State's offered instructions were submitted to the jury. The jury returned a verdict finding Morgan to be a sexually violent predator, and he was committed to the custody of the Department of Mental Health for control, care, and treatment.

Morgan appeals.

### Standard of Review

■ "This Court reviews *de novo*, as a question of law, whether a jury was properly instructed." *Harvey v. Washington*, 95 S.W.3d 93, 97 (Mo. banc 2003). Ordinarily, courts look to the Missouri Approved Instructions (MAI) for guidance in resolving questions of instructional error. *Lewis v. State*, 152 S.W.3d 325, 329 (Mo. App.2004). "Whenever MAI contains an instruction applicable to a particular case, that instruction must be given to the exclusion of any other instruction on the same subject." *Id. (citing* Rule 70.02(b)).

■ There are no applicable MAI instructions in sexually violent predator proceedings. *Id.* When there is no applicable

MAI instruction, the instruction given must be "simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." *Id. (quoting* Rule 70.02(b)). "And in giving such a non-MAI instruction, 'the court must adopt an instruction that follows the substantive law and can be readily understood by the jury.'" *Id.*

### Instruction No. 5

■ Instruction No. 5 was offered by the State and submitted to the jury. It stated:

> In these instructions, you are told that your finding depends upon whether or not you believe certain propositions of fact submitted to you. The burden is upon the petitioner to cause you to believe by clear and convincing evidence that Respondent is a sexually violent predator. In determining whether or not you believe any such proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a finding requiring belief of that proposition.

Morgan objected to Instruction No. 5 and offered an alternative instruction. The alternative instruction was identical to the State's version, but it added the following language:

> Clear and convincing evidence means you are clearly convinced of the affirmative of the proposition to be proved. This does not mean that there may not be contrary evidence.
>
> For evidence to be clear and convincing it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and your mind is left with an abiding conviction that the evidence is true. If you are not so

convinced, you must give the Respondent the benefit of the doubt and find that he is not a sexually violent predator.

During closing arguments, the Assistant Attorney General told the jury that it needed to find Morgan was a sexually violent predator by clear and convincing evidence and that it did not need to find so "beyond a reasonable doubt."

Morgan argues that the additional language in his offered instruction was appropriate, because the jurors should have been given the definition of "clear and convincing evidence" so as to put it in context. He contends that without a definition of clear and convincing, the jury was unable to determine whether the State had carried its burden of proof.

Morgan notes that jurors are given the definition of "beyond a reasonable doubt" in criminal cases. Prior to 2006, the State's burden of proof in sexually violent predator cases was that of beyond a reasonable doubt as opposed to that of clear and convincing evidence. Morgan notes that in sexually violent predator cases prior to 2006, a modification of MAI 302.04 was often used, and the jury was given the definition of "beyond a reasonable doubt." Further, Morgan notes that the general civil burden of proof instruction found at MAI 3.01 does not use the term "preponderance of evidence." Instead, it states that the burden upon the party at issue is "to cause you to believe that such a proposition is more likely true than not." Thus, it uses a definition of "preponderance of evidence." Because the MAI defines "beyond a reasonable doubt" and "preponderance of the evidence," Morgan concludes that a definition of "clear and convincing" is required.

■ The instruction given by the court here was a modified version of MAI 3.07, the instruction applicable to commitment for mental illness. This instruction uses, but does not define, "clear and convincing evidence" as the burden of proof. The Missouri Supreme Court's approved jury instructions do not define "clear and convincing evidence" in the context of civil cases. The Court recently ruled that there was not a need for further definition of the phrase:

> "Clear and convincing evidence" requires no further defining. The words are commonly used and readily understandable, and the phrase provides the jury with sufficient instruction on the applicable burden of proof. The additional phrases offered by [the appellant] only would increase the possibility of confusion and complicate the instructions. The trial court did not abuse its discretion in rejecting [the appellant's] proposed jury instructions.

*In re Care and Treatment of Van Orden,* 271 S.W.3d 579, 586 (Mo. banc 2008). This ruling is consistent with the long-standing rule that "words of common usage which are generally understood, when used in a charge to the jury, need not be defined in the absence of a request and not always when requested." *State v. Goodman,* 490 S.W.2d 86, 87 (Mo.1973) (citations omitted).

Morgan provides no authority as support for the "benefit of the doubt" language in his offered instruction. This language sounds like an attempt to confuse the "clear and convincing" standard with the "reasonable doubt" standard. This potential for confusion is another reason for rejecting the offered instruction. The Assistant Attorney General's statement during closing argument that the "clear and convincing" standard was not the same as the "reasonable doubt" standard was not misleading and does not demonstrate the need for additional instructional language.

The point is denied.

## Instruction No. 8

■ Instruction No. 8 was offered by the State and submitted to the jury. It stated:

> If you find the Respondent to be a sexually violent predator, the Respondent shall be committed to the custody of the director of the Department of Mental Health for control, care and treatment.

Morgan objected to Instruction No. 8 and offered the following alternative instruction:

> If you find the Respondent to be a sexually violent predator, he shall be committed to the custody of the director of the Department of Mental Health for the rest of his natural life for control, care and treatment.

Instruction No. 8 as submitted to the jury has been previously approved by courts. *See Smith v. State,* 148 S.W.3d 330, 336–37 (Mo.App.2004). It has been approved despite arguments that it is misleading because it fails to make clear that the commitment is for an indefinite period. *Id.*

Morgan notes that prior to 2006, a sexually violent predator could be discharged from the Department of Mental Health. In 2006, an amendment to the sexually violent predator law established a conditional release program and arguably eliminated a complete discharge from the Department of Mental Health.

This amendment, according to Morgan, makes Instruction No. 8 erroneous. He claims that his instruction was the correct statement of the law. He states that actual physical confinement within a facility is not required for the person to be "in custody" and that pursuant to section 632.505, it would be reasonable to say that the sexually violent predator will be in the custody of the Department of Mental Health for the rest of his natural life.

Instruction No. 8 was not misleading as given to the jury. It tracks the statutory language in effect after the 2006 amendment cited by Morgan. Section 632.495.2 states:

> If the court or jury determines that the person is a sexually violent predator, the person shall be committed to the custody of the director of the department of mental health for control, care and treatment until such time as the person's mental abnormality has so changed that the person is safe to be at large.

Section 632.492 states, in pertinent part:

> If the trial is held before a jury, the judge shall instruct the jury that if it finds that the person is a sexually violent predator, the person shall be committed to the custody of the director of the department of mental health for control, care and treatment.

Thus, the instruction as given used the current statutory language. That language is not misleading.

Morgan's offered instruction would have had a tendency to mislead. It suggests that a sexually violent predator would necessarily be physically confined for the rest of his life. The law provides for conditional discharge from *physical* custody. The given instruction may not be fully understood in every respect, but it is preferable to Morgan's offered instruction because the offered instruction was more likely to mislead. Morgan fails to show an error of law.

The point is denied.

## Conclusion

The judgment is affirmed.

All concur.