**In the Matter of the Care and Treatment of Theodore GINNERY, a/k/a Theodore F. Ginnery, a/k/a Theodore Floyd Ginnery, a/k/a Theodore L. Ginnery, a/k/a Theodore Lloyd Ginnery, Respondent–Appellant.**

**No. SD 29340.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 9, 2009.

---

Emmett D. Queener, Columbia, MO, for Appellant.

Chris Koster, Jayne T. Woods, Jefferson City, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Theodore Ginnery ("Appellant") appeals from the judgment of the Circuit Court of Jasper County, after a jury in the probate division found Appellant to be a sexually violent predator ("SVP") under section 632.480(5).[1] We affirm.

From October 1975 through January 1976, Appellant was living in Los Angeles County, California, and engaged in multiple sexual acts with a 12–year–old babysitter. These acts included fondling, oral copulation, and intercourse. Appellant was charged with seven counts of lewd and lascivious behavior, but was only convicted of one count. For that conviction, Appellant was sentenced to one year in jail and five years probation.

Appellant transferred his probation to Missouri and, in 1979, he engaged in sexual acts with his 10–year–old daughter and one of her 13–year–old friends. Appellant was convicted of sodomy and rape and was sentenced to a total of twenty-eight years imprisonment. He was scheduled for release on November 23, 2004; however, on November 9, 2004, the State of Missouri filed a petition to civilly commit Appellant to the custody of the Department of Mental Health ("DMH") as a SVP. A probable cause hearing was held on December 15,

---

**1.** All references to statutes are to RSMo Cum. Supp.2008, and all rule references are to Missouri Court Rules (2009), unless otherwise specified.

2004, and the probate division found probable cause to believe that Appellant was a SVP.

The case proceeded to trial on July 15, 2008. During the instruction conference, Appellant offered an alternative jury instruction that informed the jury about the consequences of being found a SVP. The trial court refused Appellant's instruction and submitted the State's version of the offered instruction to the jury. After deliberations, the jury found Appellant to be a SVP, and he was committed to the custody of the DMH for control, care, and treatment. Appellant asserts on appeal that the trial court erred in failing to submit his offered Instruction No. F to the jury because the State's offered and submitted "Instruction No. 8 misdirected and misled the jurors by failing to accurately inform them of the applicable law."

■■■ "Whether a jury was properly instructed is a question of law that this Court reviews *de novo.*" *Edgerton v. Morrison,* 280 S.W.3d 62, 65 (Mo. banc 2009). This Court will reverse a jury verdict on the ground of instructional error if the "offending instruction misdirected, misled, or confused the jury, resulting in prejudice to the party challenging the instruction." *Martens v. White,* 195 S.W.3d 548, 557 (Mo.App. S.D.2006). The party claiming instructional error has the burden of proving "'that the instruction as submitted misdirected, misled, or confused the jury.'" *Id.* (quoting *Hein v. Oriental Gardens, Inc.,* 988 S.W.2d 632, 634 (Mo.App. W.D.1999)).

Courts usually look to the Missouri Approved Instructions ("MAI") for assistance in solving jury instruction errors. *In re Care and Treatment of Lewis v. State,* 152 S.W.3d 325, 329 (Mo.App. W.D.2004). Rule 70.02(b) provides that "[w]henever MAI contains an instruction applicable to a particular case, that instruction must be given to the exclusion of any other instruction on the same subject." *Id.* There are, however, no applicable MAI instructions for SVP cases. *In re Care and Treatment of Scates v. State,* 134 S.W.3d 738, 742 (Mo.App. S.D.2004). When no MAI instruction applies, Rule 70.02(b) requires the instruction to "'be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts.'" *In re Care and Treatment of Morgan v. State,* 272 S.W.3d 909, 911 (Mo.App. W.D.2009) (quoting Rule 70.02(b)).

■■■ Instruction No. 8 was offered by the State and read to the jury. It stated the following: "If you find [Appellant] to be a sexually violent predator, [Appellant] shall be committed to the custody of the director of the department of mental health for control, care and treatment." Appellant objected to Instruction No. 8 and offered Instruction No. F as a substitute instruction with the words, "for the rest of his natural life" added to the instruction. Appellant argues that his instruction contains a more accurate description of the consequences because it informs the jury that if he is convicted as a SVP, he will be in the custody of the DMH for life. Moreover, Appellant contends that the State's Instruction No. 8 is inaccurate because it does not give the jurors proper information.

These identical contentions were raised and addressed by the Western District of this Court in *Morgan,* 272 S.W.3d at 911–913. In *Morgan,* the submitted jury instruction, which was identical to the State's Instruction No. 8 in this case, was held to be proper and not misleading because it mirrored the exact language of the SVP Act. *Id.* at 913. Furthermore, the court went on to state that Morgan's offered alternative instruction would have had a tendency to mislead the jury be-

cause it suggested that a SVP would be physically confined for life. *Id.*

Appellant argues to this Court that the *Morgan* decision made significant errors because it relied on the status of the SVP Act prior to its amendment in 2006. Appellant notes that prior to 2006, a SVP could be released from the custody of the DMH, according to section 632.498 RSMo Cum. Supp 2004. Appellant further states that the SVP law was amended in 2006, specifically sections 632.495.3 and 632.498, and established a conditional release program that eliminated any chance of complete discharge from the DMH. That argument was made in *Morgan. See id.* at 913 (noting that the jury instruction followed the statutory language in effect after the 2006 amendment to the SVP Act). What the amendment changed was the language in two sections, 632.495 and 632.498, which involves the level of control the DMH maintains over a SVP when it comes time for their petition for release. These sections are not the sections of the SVP Act that the Western District of this Court relied on in *Morgan* to conclude that the instruction was not misleading. *Morgan,* 272 S.W.3d at 913. Thus, we agree with *Morgan's* analysis that there was no instructional error.

Appellant's point is denied and the judgment of the trial court is affirmed.

SCOTT, C.J., LYNCH, P.J., concur.