**In the Matter of The Care and Treatment of John GORMON, Appellant.**

**No. ED 96611.**

Missouri Court of Appeals, Eastern District, Division Three.

May 15, 2012.

Application for Transfer to Supreme Court Denied June 20, 2012.

Application for Transfer Denied Aug. 14, 2012.

Erika R. Eliason, Columbia, MO, for Appellant.

Shaun J. Mackelprang, John M. Reeves, for Respondent State.

SHERRI B. SULLIVAN, J.

*Introduction*

John Gormon (Appellant) appeals from the probate court's judgment after a jury trial committing him to secure confinement in the custody of the Missouri Department of Mental Health (DMH) as a sexually violent predator (an SVP). We affirm.

*Factual and Procedural Background*

The victim (Victim) in the underlying case was a fifteen-year-old girl who testified that at about 7:45 p.m. on the evening of August 7, 1977, she was standing at a bus stop on the corner of Easton and Dr. Martin Luther King Drive in the City of St. Louis. While Victim waited for the bus to take her to her boyfriend's home, someone grabbed her around the throat from behind, told her to keep her mouth shut or he would break her neck, and forced her into his car. He drove to an alley, ordered her to remove her clothes, and forced Victim to engage in sexual intercourse against her will. Finally, he drove Victim to the address she requested and told her he would keep in touch with her at that address. The address belonged to Victim's boyfriend.

Upon exiting the car, Victim made note of its license number and wrote it down once inside the house. The police were called and Victim described to them the man who attacked her. Victim also told the police that the car had a jacket and some magazines in the back seat, a cupholder sitting on the floor, and several napkins in the glove compartment. Victim's boyfriend saw the car and testified that it was a 1972 green Delta 88.

A 1972 green Delta 88 was registered in the name of Appellant's wife and the testimony was that at the time of the offense Appellant had been driving the vehicle. On the morning of August 8, 1977, Victim was taken to the home of Appellant's wife where the car was parked. A jacket and several magazines were found in the back seat, a cupholder on the floor, and several napkins in the glove compartment. Appellant was arrested and selected from a lineup by Victim. On January 23, 1978, after a trial, the jury found Appellant guilty and the trial court entered judgment convicting Appellant of rape under Section 559.260 RSMo 1975 Supp., and kidnapping under Section 559.280 RSMo 1969. The court sentenced Appellant under the Second Offender Act, Section 556.280 RSMo 1969, to twenty years on the rape charge and five

years on the kidnapping charge, sentences to run concurrently. *State v. Gormon*, 584 S.W.2d 420, 421 (Mo.App. E.D.1979).

Appellant was incarcerated after his sentencing in January of 1978 and was paroled August 6, 1985. On May 5, 1986, Appellant was arrested for attempted sexual assault, which was later charged by the prosecutor as felonious restraint and third-degree assault, for an incident in which he grabbed a 14–year–old girl and dragged her into an alley, throwing her down on the pavement. Appellant told her not to scream or he would break her neck. When Appellant attempted to remove her pants, she resisted and kicked him in the groin. Her boyfriend ran up and helped her to escape. The girl was able to note the license plate number from Appellant's car and give it to the police, which led to Appellant's identification. The State charged Appellant with attempted sexual assault; the prosecutor reduced the charge to felonious restraint and third-degree assault, and Appellant pled guilty to felonious restraint for this incident.

Appellant was released from prison in May 1993. In May 2000, he was arrested for an incident in which he lured a woman to his apartment under false pretenses of a modeling opportunity and then sexually assaulted her. He was convicted of first-degree sexual misconduct and sentenced to seven years' imprisonment.

On May 15, 2007, the State filed a petition to involuntarily commit Appellant as an SVP, with the 1978 statutory rape conviction serving as the predicate sexually violent offense. After a trial, the jury found Appellant to be an SVP. Appellant was thereafter committed to the DMH for control, care, and treatment. This appeal follows.

## Points on Appeal

In his first point on appeal, Appellant contends that the probate court erred in overruling his Motion for Judgment of Acquittal at the Close of All Evidence and committing him to indefinite secure confinement in the custody of the DMH as an SVP because the State failed to establish that Appellant committed a sexually violent offense which is a required element under the SVP Act (SVPA).

In his second point, Appellant maintains that the probate court erred in failing to include in Instruction No. 6's verdict director the requirement that the jury determine whether Appellant's 1978 conviction was for a sexually violent offense because in so doing the court not only decided an issue meant for the jury to decide, but also lessened the State's burden of proof on the issue.

In his third point, Appellant argues that the probate court plainly erred in allowing the State to tell the jury during closing argument that, because of Appellant's sexual compulsion, narcissism, and personality, he was going to commit another sexually violent offense and that he could learn to control himself if he received treatment in that such argument allowed the jury to find Appellant to be an SVP simply because they believed he needed treatment, and this is not an issue to be decided by the jury based on the SVPA.

## General Standard of Review

In an SVP case, our review is limited to a determination of whether there was sufficient evidence admitted from which a reasonable fact finder could have found each necessary element by clear and convincing evidence. *In re A.B.*, 334 S.W.3d 746, 752 (Mo.App. E.D.2011). This Court does not reweigh the evidence. *Id.* We determine only whether the judgment was supported by sufficient evidence. *Id.* Matters of credibility and weight of

testimony are for the fact finder to determine. *Id.* The evidence is viewed in the light most favorable to the judgment, accepting as true all evidence and reasonable inferences favorable to the judgment and disregarding all contrary evidence and inferences. *Id.* A judgment will be reversed on insufficiency of the evidence only if there is a complete absence of probative facts supporting the judgment. *Id.*

Each of the issues presented in the three points on appeal also presents it own separate and discrete standard of review.

### Discussion

### Point I

Appellant's argument in his first point is that the State failed to establish that his 1978 rape conviction was for a "sexually violent offense," which is a required element for him to have been found guilty of under the SVPA.

■■ We review issues of law *de novo. Murrell v. State*, 215 S.W.3d 96, 102 (Mo. banc 2007). Questions of statutory construction are strictly a matter of law and are for the independent judgment of the court. *Id.* at 106 (determining whether antisocial personality disorder (ASPD) is a "mental abnormality" under the SVPA, Section 632.480 [1]).

■ An SVP is defined as a prior sexual offender who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility. *Turner v. State*, 341 S.W.3d 750, 753 (Mo.App. S.D.2011). The Missouri legislature created a mechanism to civilly commit sexually violent predators, *i.e.*,

"any person who suffers from a mental abnormality [that] makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and *who [h]as pled guilty or been found guilty . . . of a sexually violent offense.*" Section 632.480(5)(a); *Holtcamp v. State*, 259 S.W.3d 537, 538–39 (Mo.banc 2008) (emphasis added). Section 632.480(4) defines "Sexually violent offense" as including:

> the felonies of forcible rape, *rape*, statutory rape in the first degree, forcible sodomy, sodomy, statutory sodomy in the first degree, or an attempt to commit any of the preceding crimes, or child molestation in the first or second degree, sexual abuse, sexual assault, deviate sexual assault, or the act of abuse of a child as defined in subdivision (1) of subsection 1 of section 568.060, RSMo, which involves sexual contact, and as defined in subdivision (2) of subsection 1 of section 568.060, RSMo.

(Emphasis added.)

Appellant was charged in 1977 with rape under Section 559.260. Appellant was convicted of rape under Section 559.260. That statute was entitled "Rape, punishment," and provided:

> Every person who shall be convicted of rape, either by [1] carnally and unlawfully knowing any female child under the age of sixteen years, or by [2] forcibly ravishing any woman of the age of sixteen years or upward, shall suffer death, or be punished by imprisonment in the penitentiary for not less than two years, in the discretion of the jury.

Interpreting this particular statute, Section 559.260 RSMo 1949,[2] in *State v. Baker,*

---

1. All statutory references are to RSMo 2006, unless otherwise indicated.

2. Section 559.260 RSMo is denoted as the 1949, 1969, or 1975 Supp. versions at various

places in the parties' briefs, in this opinion, and in relevant precedential and underlying documents in this case. The language of all of these versions is the same for our intents

276 S.W.2d 131, 133 (Mo.1955), the Missouri Supreme Court stated, "Under our statutes *rape* is either carnal knowledge of a female child under the age of sixteen years or the forcible ravishment of any woman over the age of sixteen." (Emphasis added.) Accordingly, Appellant's 1978 conviction under that particular statute was for rape, which constitutes a sexually violent offense under the plain language of Section 632.480(4), which also governs Appellant's qualification for commitment as an SVP in the proceeding below.

Appellant attempts to characterize his 1978 rape conviction as akin to the current offense of second-degree statutory rape contained in Section 566.034.1,[3] which is not included in Section 632.480(4)'s list of sexually violent offenses. However, Missouri law, in defining the crime of rape in 1977, did not distinguish between what are now known as the crimes of forcible rape and statutory rape. Rather, Section 556.260 as it existed in 1977 grouped both offenses together as one offense, "rape." See Section 556.260 RSMo 1975 Supp. Section 556.260 at that time plainly declared that having sex with a female child under the age of 16 constituted the crime of "rape." The Missouri Supreme Court made the same holding in *Baker*, as set forth above, but which bears repeating here: "Under our statutes *rape* is either carnal knowledge of a female child under the age of sixteen years or the forcible ravishment of any woman over the age of sixteen." *Baker*, 276 S.W.2d at 133 (emphasis added). By "carnally and unlawfully knowing" his 15–year–old victim in 1977, Appellant committed the offense of rape, which is classified as a sexually violent

offense under Section 632.480(4). Therefore, the State did establish that Appellant committed a sexually violent offense.

 Sufficient evidence existed for the jury to find Appellant to be an SVP because his 1978 conviction for *rape* as a matter of law constituted a "sexually violent offense" within the meaning of Section 632.480(4). The plain meaning of Section 632.480(4) includes "rape" in its definition of "sexually violent offense." Because Appellant was convicted of rape in 1978, he has a sexually violent offense on his record, thus satisfying this element of the definition of an SVP.

Based on the foregoing, Point I is denied.

### *Point II*

In his second point, Appellant alleges instructional error. Appellant claims the probate court improperly "removed" the definition of sexually violent offense and the element as to whether his 1978 conviction was for a sexually violent offense from Instruction No. 6, the verdict director as to whether or not Appellant is an SVP. Appellant claims that the court's removal of such definition eliminated the requirement that the jury decide, as a matter of fact, whether Appellant's 1978 rape conviction was for a sexually violent offense, and removed the burden of proving such from the State.

 We will not reverse the trial court's ruling on an instruction unless the trial court abused its discretion. *Lewis v. State*, 152 S.W.3d 325, 329 (Mo.App. W.D. 2004). The giving of an alleged erroneous

---

and purposes, and thus the date distinctions are without a difference except with regard to the time frame within which it is being examined.

3. Section 566.034.1 defines second-degree statutory rape thusly: "A person commits the crime of statutory rape in the second degree if being twenty-one years of age or older, he has sexual intercourse with another person who is less than seventeen years of age."

instruction is not grounds for reversal unless the appealing party was prejudiced thereby. *Id.*

■■■ The court's verdict directing instruction, Instruction No. 6, required a finding by the jury by clear and convincing evidence that Appellant is an SVP as such term is defined in Section 632.480 but not a finding as to whether Appellant's 1978 rape conviction constituted a sexually violent offense because the latter issue had already been determined by the probate court. The question of whether Appellant's 1978 rape conviction constitutes a sexually violent offense within the ambit of Section 632.480(4) in this case was a question of law for the court to decide. See *Murrell,* 215 S.W.3d at 106.

There was no error in Instruction No. 6, the verdict director, which provides:

If you believe the evidence clearly and convincingly establishes:

First, that the respondent was found guilty by a jury of rape (statutory) in the Circuit Court of St. Louis City, State of Missouri, on January 23, 1978, and

Second, that the respondent suffers from a mental abnormality, and

Third, that this mental abnormality makes the respondent more likely than not to engage in predatory acts of sexual violence if he is not confined in a secure facility, then you will find that the respondent is a sexually violent predator.

However, unless you find and believe that the evidence has clearly and convincingly established each and all of these propositions, you must find the respondent is not a sexually violent predator.

As used in this instruction, "mental abnormality" means a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to commit sexually violent offenses in a degree that causes the individual serious difficulty in controlling his behavior.

As used in this instruction, "predatory" means acts directed towards individuals, including family members, for the primary purpose of victimization.

As set forth above, Instruction No. 6, the verdict director, contains the elements required by Sections 632.480 and 632.495.1 for the jury to determine by clear and convincing evidence the *ultimate evidentiary issue* in an SVP civil commitment proceeding, to-wit: whether Appellant is an SVP.

There are no applicable MAI instructions or verdict forms for SVP cases. *In re Berg,* 342 S.W.3d 374, 389 (Mo.App. S.D.2011). Accordingly, the structure of the verdict form in the present case was within the realm of discretion accorded to the probate court. *Id.* If there is no applicable MAI, Supreme Court Rule 70.02(b) requires that "such instructions shall be simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." *Scates v. State,* 134 S.W.3d 738, 742 (Mo.App. S.D.2004). We find Instruction No. 6 fulfilled those requirements. Since there was no MAI instruction applicable to this case, the probate court acted correctly in mirroring the language from the SVPA and following the substantive law of whether Appellant's 1978 rape conviction was included within the sexually violent offenses set out in Section 632.495, as discussed in Point I. *Lewis,* 152 S.W.3d at 331; *Smith v. State,* 148 S.W.3d 330, 337 (Mo.App. S.D.2004).

Based on the foregoing, we find that the probate court properly instructed the jury in Instruction No. 6, the verdict director, as to how to determine the ultimate fact of whether or not Appellant was an SVP and did not improperly "remove" the issue of

whether Appellant's 1978 rape conviction was for a sexually violent offense. Point II is therefore denied.

### Point III

■ Appellant asserts the State's closing argument that Appellant was going to reoffend because of his sexual compulsion, narcissism, and the way his personality works and the possibility he could learn to control himself if he is committed to receive treatment allowed the jurors to find Appellant to be an SVP just because they believed he needed treatment.

■ A trial court has broad discretion to permit or prohibit statements during closing argument, and this Court does not reverse the trial court's ruling unless the trial court abuses this discretion and prejudices the defendant. *State v. Brown*, 337 S.W.3d 12, 19 (Mo.banc 2011). The standard of review for alleged error in closing argument depends upon whether defense counsel objects. *State v. White*, 247 S.W.3d 557, 562–63 (Mo.App. E.D. 2007), citing *State v. Shurn*, 866 S.W.2d 447, 460 (Mo.banc 1993). When defense counsel objects to closing argument, appellate courts will reverse the trial court's decision with regard to such objection only upon a showing of abuse of discretion. *White*, 247 S.W.3d at 563. In the case *sub judice*, Appellant objected to closing argument but did not include the objection in his motion for new trial. Therefore, we review for plain error.

■ Plain error review mandates reversal only if the error results in manifest injustice. *White*, 247 S.W.3d at 563. Plain error review also requires that the argument have a decisive effect on the jury's determination. *Id.* Appellate courts of this state seldom grant relief on assertions of plain error as to closing argument because trial strategy looms as an important consideration in any trial. *Id.* "Plain

error relief as to closing argument should rarely be granted and is generally denied without explanation." *State v. Wilson*, 343 S.W.3d 747, 752 (Mo.App. E.D.2011).

A jury is guided in its decision by the instructions given to them. An average jury would understand that a finding that Appellant was an SVP would subject him to the control, care and treatment of the DMH, because it was so instructed in this case. "If the trial is held before a jury, the judge shall instruct the jury that if it finds that the person is a sexually violent predator, the person shall be committed to the custody of the director of the department of mental health for control, care and treatment." Section 632.492; *Boone v. State*, 147 S.W.3d 801, 808 (Mo.App. E.D. 2004); *Smith*, 148 S.W.3d at 336–37. The probate court followed this mandate by submitting to the jury Instruction No. 7, which mirrored the appropriate language as set forth above. Given that it was already included in the jurors' instructions, the State was allowed to discuss the matter in its closing argument.

■ Additionally, a prosecutor is allowed to argue the evidence and all reasonable inferences therefrom during closing arguments. *Brown*, 337 S.W.3d at 14. In the instant case, Dr. Richard Scott testified in his professional opinion that Appellant was likely to re-offend for the reasons given by the State in its closing argument as well as other reasons such as the fact that he attacked strangers and that he had re-offended in the past *after* serving time in prison. Therefore, the State was allowed to put forth this argument in closing based on the evidence that had already been presented to the jury, as well as to argue reasonable inferences therefrom, *e.g.*, that Appellant would not seek out treatment on his own and thus confinement and forced treat-

ment were necessary for Appellant to get the treatment he needed. *State v. Henke,* 901 S.W.2d 921, 924 (Mo.App. W.D.1995) (a prosecutor may draw any inferences from the evidence that he or she believes in good faith are justified). It was ultimately left to the jury to determine whether it believed, unanimously, by clear and convincing evidence, that Appellant was an SVP who would re-offend if not confined in a secure facility.

The State's closing comments did not relieve the jury of the responsibility of deciding whether or not Appellant was an SVP who was more likely than not to commit a future act of sexual violence if not confined in a secure facility. First, the verdict director in Instruction No. 6 explicitly required the jury to make such a finding, that he has a "mental abnormality that makes [him] more likely than not to engage in predatory acts of sexual violence if he is not confined in a secure facility." Second, "in order for the prosecutor's statements to have such a decisive effect, there must be a reasonable probability that the verdict would have been different had the error not been committed." *Brown,* 337 S.W.3d at 19. Here, such probability is greatly diminished if not eliminated completely by the fact that the State's argument about Appellant's propensity to re-offend if not confined had already been established at trial by the evidence presented to the jury in the form of expert testimony, psychopathy checklist (PCLR), psychological tests and statistical evidence with regard to sexual offenders in general and as applied to Appellant in particular in the form of commonly used actuarial instruments such as the Static-99R and Static 2002R.

Even notwithstanding all of the foregoing, there is no evidence presented by Appellant that the jury found him to be an SVP subject to confinement merely be-

cause it believed he needed treatment. Such a conclusion is simply not supported by the record.

For the foregoing reasons, Point III is denied.

### Conclusion

The judgment of the probate court is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.