**In the MATTER OF the Care and Treatment of Aaron BERG, a/k/a Aaron E. Berg,**

**Aaron Berg, Respondent–Appellant,**

v.

**State of Missouri, Petitioner– Respondent.**

**No. SD 34087**

Missouri Court of Appeals, Southern District, **Division One.**

Filed: February 24, 2017

Attorney for Appellant: Emmett D. Queener of Columbia, MO

Attorney for Respondent: Chris Koster, Atty. Gen., Mary H. Moore, Asst. Atty. Gen., of Jefferson City, MO

JEFFREY W. BATES, P.J.—
OPINION AUTHOR

Following a jury trial, Aaron Berg (Berg) was civilly committed as a sexually violent predator (SVP). *See* § 632.480 *et seq.*[1] Berg contends the court: (1) abused its discretion in admitting evidence of Berg's end-of-confinement report because the report was inadmissible pursuant to § 632.483; and (2) erred by submitting the verdict-director because it required the jury to consider issues of law. Finding no merit in either contention, we affirm.

In October 2013, the attorney general filed a petition to civilly commit Berg as an SVP. The petition alleged that Berg had been convicted in 2004 of first-degree statutory sodomy pursuant to § 566.062 and was scheduled to be released from confinement in the Department of Corrections (DOC) on October 30, 2013. The State's petition included the following attachments: (1) the written findings and conclusions of Dr. Nena Kircher (Dr. Kircher), a DOC psychologist who had conducted Berg's end-of-confinement evaluation; (2) an assessment by a four-member multidisciplinary team (the MDT); and (3) a determination by the five-member prosecutors' review committee (the PRC). Dr. Kircher, the MDT and the PRC each found that Berg may meet the definition of an SVP.

A jury trial was held on the State's petition in June 2015. We need not detail the evidence at length because Berg does not challenge its sufficiency. As relevant here, the State called two psychologists as witnesses. Based upon an evaluation of Berg, each psychologist concluded that Berg met the definition of an SVP. Dr. Kircher was one of those witnesses. During her testimony, Berg's counsel objected to the admission of Dr. Kircher's end-of-confinement report on the ground that it was inadmissible pursuant to § 632.483.

After presentation of the evidence, the issue of whether Berg was an SVP was submitted to the jury in Instruction No. 6, the State's verdict-directing instruction. Counsel for Berg objected to Instruction No. 6 because it required the jury to find that: (1) Berg had been convicted of first-degree statutory sodomy; and (2) this crime was a sexually violent offense. Defense counsel argued that these were not issues of fact for the jury to decide and that their inclusion in Instruction No. 6 was prejudicial. The court refused Berg's alternative verdict-directing instruction and submitted Instruction No. 6.

The jury returned a verdict finding that Berg was an SVP. Berg filed a motion for new trial preserving the above allegations of error, which was denied. Thereafter, the trial court entered a judgment and commitment order directing that Berg be placed in the custody of the Department of Mental Health (DMH) for control, care and treatment. This appeal followed. Additional facts relevant to each of Berg's two points of error will be included below.

*Point 1*

■ In Point 1, Berg contends the court erred in overruling his objection to evidence of Dr. Kircher's end-of-confinement report. He claims that this evidence was inadmissible under § 632.483. We review this question of law *de novo*. *See In*

---

1. All statutory references are to RSMo Cum. Supp. (2013). All rule references are to Missouri Court Rules (2016).

*Matter of the Care & Treatment of Murphy*, 477 S.W.3d 77, 81 (Mo. App. 2015); *Whitfield v. State*, 250 S.W.3d 722, 723 (Mo. App. 2008).

Section 632.483 is part of the statutory scheme to identify, commit and treat SVPs. When it appears that a person may meet the definition of an SVP, the "agency with jurisdiction" (the DOC in this case) is required to give written notice to the attorney general and the MDT. § 632.483.1. The MDT is a group consisting of no more than seven members created by the DMH and the DOC. § 632.483.4. In pertinent part, the notice shall include "[a] determination by either a psychiatrist or a psychologist" as to whether the person meets the definition of an SVP. § 632.483.2(3). The MDT then shall "assess" whether the person meets the definition of an SVP. § 632.483.4. The MDT's "assessment" shall be made available to the attorney general and the PRC, which is composed of five members selected by the prosecutors coordinators training counsel. § 632.483.5. The PRC reviews the records of the person referred to the attorney general and then makes a "determination" of whether the person meets the definition of an SVP. § 632.483.5. Of particular relevance to Berg's point, § 632.483.5 explicitly states that: "[t]he determination of the [PRC] or any member pursuant to this section or section 632.484 shall not be admissible evidence in any proceeding to prove whether or not the person is a [SVP]."

Berg rests his argument that § 632.483 precluded the admission of Dr. Kircher's end-of-confinement report on two premises: (1) the report was a "determination" pursuant to § 632.483.2(3); and (2) Dr. Kircher was a "member" pursuant to § 632.483.5. Because § 632.483.5 prohibits the admission of the "determination" of the PRC or any "member" pursuant to §§ 632.483 and 632.484 in a proceeding to

prove that a person is an SVP, Berg concludes (in reliance upon the above two premises) that Dr. Kircher's end-of-confinement report was inadmissible. Berg's point fails because his second premise is incorrect.

Berg's argument relies upon *In the Matter of the Care and Treatment of Bradley*, 440 S.W.3d 546 (Mo. App. 2014). In that case, the western district of this Court examined the issue of whether the MDT's assessment was inadmissible in an SVP proceeding because the MDT constituted a "member" pursuant to § 632.483. *Id.* at 557. In concluding the MDT's assessment *was* admissible, the *Bradley* court explained:

> Although section 632.483 uses the term "members" to refer to the individuals comprising both the [PRC] and the MDT, section 632.483.5 precludes the use of only "determinations." According to section 632.483.4, the MDT does not make a determination—it makes an "assessment." There are several individuals and entities in sections 632.483 and .484 that make "determinations" (e.g., the individual issuing the end-of-confinement report, the [PRC], the [trial court], and the [DMC]). But the MDT is not among these individuals and entities. Additionally, there is no mention whatsoever of the MDT in section 632.484; the only "members" referred to in section 632.484 are those forming the [PRC]. Thus, if we read the language, "any member pursuant to ... section 632.484," to refer to the MDT, the statute would be nonsensical, as the MDT is not even part of section 632.484, and it does not make determinations of any kind. Consequently, section 632.483.5 does not preclude evidence regarding the MDT assessment.

*Id.* at 557–58 (footnote omitted).

*Bradley* does not support Berg's argument. As noted above, "[t]he *determina-*

*tion* of the [PRC] or any *member* pursuant to this section or section 632.484 shall not be admissible evidence in any proceeding to prove whether or not the person is a [SVP]." § 632.483.5 (italics added). *Bradley* recognized that, although the term "members" is used to refer to the individuals comprising the MDT in § 632.483, the MDT does not make a "determination"—it makes an "assessment." *Bradley*, 440 S.W.3d at 557. The instant case presents the opposite situation, but it leads to the same result. Here, Dr. Kircher, the individual issuing the end-of-confinement report, rendered a "determination." *See* § 632.483.2(3) (requiring a "determination by either a psychiatrist or a psychologist"); *Bradley*, 440 S.W.3d at 558. However, as recognized in *Bradley*, the term "members" is only used in §§ 632.483 and 632.484 to refer to individuals comprising either the PRC or the MDT. *Bradley*, 440 S.W.3d at 557–58. In this case, Dr. Kircher was neither a member of the PRC or the MDT. Accordingly, Berg's objection to Dr. Kircher's end-of-confinement report based upon § 632.483.5 was properly overruled, and the admission of the report was not an abuse of discretion. Point 1 is denied.

### Point 2

In Point 2, Berg challenges the trial court's submission of Instruction No. 6 to the jury. That instruction provided as follows:

### INSTRUCTION NO. 6

If you believe the evidence clearly and convincingly establishes:

First, that the respondent was found guilty of statutory sodomy first degree in the Circuit Court of St. Clair County, State of Missouri, and

Second, that the offense for which the respondent was convicted was a sexually violent offense, and

Third, that the respondent suffers from a mental abnormality, and

Fourth, that this mental abnormality makes the respondent more likely than not to engage in predatory acts of sexual violence if he is not confined in a secure facility,

then you will find that the respondent is a sexually violent predator.

However, unless you find and believe the evidence has clearly and convincingly established each and all of these propositions, you must find the respondent is not a sexually violent predator.

As used in this instruction, "sexually violent offense" includes the offense of statutory sodomy first degree.

As used in this instruction, "mental abnormality" means a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to commit sexually violent offenses in a degree that causes the individual serious difficulty in controlling his behavior.

As used in this instruction, "predatory" means acts directed towards individuals, including family members, for the primary purpose of victimization.

■ Berg contends the trial court erred by giving Instruction No. 6 because the first two paragraphs of the instruction submitted questions of law, rather than issues of fact for the jury to decide. Berg argues that: (1) he did not contest that he was previously convicted of first-degree statutory sodomy in 2004; and (2) first-degree statutory sodomy is a sexually violent offense as a matter of law pursuant to § 632.480. Therefore, Berg claims the inclusion of these issues in Instruction No. 6 was "a diversion from the ultimate factual issue of the case whether [he] has a mental abnormality which makes him more likely than not to reoffend in a sexually violent

manner[.]" We find no merit in this contention.

■ Whether the jury was properly instructed is a question of law which this Court reviews *de novo*. *Morgan v. State*, 272 S.W.3d 909, 911 (Mo. App. 2009); *In re Ginnery*, 295 S.W.3d 871, 873 (Mo. App. 2009); *see also Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 198 (Mo. App. 2013) (employing *de novo* review to determine whether a verdict-director contained all necessary elements where no applicable MAI existed for the cause of action). "Although our review is *de novo*, we do view the evidence in the light most favorable to the submission of the instruction and we disregard evidence and inferences to the contrary." *Bradford v. BJC Corp. Health Services*, 200 S.W.3d 173, 178–79 (Mo. App. 2006). Furthermore, "we will not reverse a verdict for instruction error unless the error is prejudicial in that it materially affects the merits of the action." *St. Charles County v. Olendorff*, 234 S.W.3d 492, 495 (Mo. App. 2007).

■ Where applicable, the use of an MAI verdict-directing instruction is mandatory. Rule 70.02(b). In SVP cases, however, there are no applicable MAI instructions. *Care and Treatment of Scates v. State*, 134 S.W.3d 738, 742 (Mo. App. 2004). In such circumstances, Rule 70.02(b) requires that non–MAI instructions must be "simple, brief, impartial, free from argument, and shall not submit to the jury or require findings of detailed evidentiary facts." *Id.* The trial court also must give an instruction that follows the substantive law and can be readily understood by the jurors. *Morgan*, 272 S.W.3d at 911.

■ In order for an individual to be confined as an SVP, the jury must find that the individual: "1) has a history of past sexually violent behavior; 2) a mental abnormality; and 3) the abnormality cre-ates a danger to others if the person is not incapacitated." *Murrell v. State*, 215 S.W.3d 96, 105 (Mo. banc 2007); *see also* § 632.480(5); § 632.495.1; *In re Doyle*, 428 S.W.3d 755, 762 (Mo. App. 2014); *In re Jones*, 420 S.W.3d 605, 609 (Mo. App. 2013); *In re Morgan*, 398 S.W.3d 483, 485 (Mo. App. 2013). Instruction No. 6 follows this substantive law, and Berg does not contend otherwise in this appeal. Neither does Berg argue that the instruction was inconsistent with the dictates of Rule 70.02(b). Instead, Berg relies on *In re Care and Treatment of Gormon*, 371 S.W.3d 100 (Mo. App. 2012), to argue that the first two paragraphs of Instruction No. 6 are not elements that should have been submitted to the jury, but questions of law for the court to decide. In *Gormon*, the eastern district of this Court considered whether a jury had been properly instructed in an SVP proceeding when the verdict-director required the jury to find that the offender had been found guilty of rape, but did not require the jury to determine whether rape qualified as a sexually violent offense. *Id.* at 106. The Court determined that whether rape was a sexually violent offense was a question of law that the trial court, rather than the jury, could properly decide. *Id.* Thus, it found that the verdict-director properly instructed the jury on determining whether the appellant was an SVP. *Id.* For the following reasons, *Gormon* does not support Berg's argument.

■ First, the analysis in *Gorman* is inconsistent with *Murrell*, which requires the jury to find that the individual has a history of past sexually violent behavior. *Murrell*, 215 S.W.3d at 105 (involving a verdict-directing instruction which required the jury to find, *inter alia*, that the respondent had pled guilty to second-degree child molestation and that said crime was a sexually violent offense); *see also Lewis v. State*, 152 S.W.3d 325, 328–29

(Mo. App. 2004) (holding that the jury was correctly instructed via a verdict-directing instruction which required the jury to find, *inter alia*, that the respondent had pled guilty to forcible sodomy and that said crime was a sexually violent offense). This Court is constitutionally bound to follow the most recent controlling decision from the Supreme Court of Missouri. MO. CONST. art. V, § 2; *Forester v. Clarke*, 334 S.W.3d 581, 583–84 (Mo. App. 2011).

Second, the verdict-director from *Gormon* required the jury to find that the appellant had been found guilty of rape, and that portion of the verdict-director was not challenged on appeal. *Id.* at 105–06. Consequently, *Gormon* did not address whether the verdict-director should have required the jury to find that the appellant had, in fact, been found guilty of rape. *Id.* Accordingly, *Gormon* does not support Berg's assertion that the first paragraph of Instruction No. 6 (which required the jury to find that Berg had been found guilty of first-degree statutory sodomy) should have been omitted.

Third, *Gormon* was decided prior to *State v. Jackson*, 433 S.W.3d 390 (Mo. banc 2014), and therefore does not reflect *Jackson*'s explanation of the jury's role in adversarial proceedings. In a criminal case addressing the issue of when a trial court is required to instruct the jury on lesser-included offenses, *Jackson* held that the jury's right to disbelieve all or part of the evidence constitutes a "basis in the evidence" under § 556.046 to acquit the defendant of a greater offense and convict him or her of a lesser-included offense (as is necessary to warrant instruction on the lesser offense). *Id.* at 399. This conclusion necessarily followed from the recognition that "[a]ll decisions as to what evidence the jury must believe and what inferences the jury must draw are left to the jury, not to judges deciding what reasonable jurors must and must not do." *Id. Jackson* then acknowledged the straightforward corollary of this principle: "evidence never proves any element until the jury says it does." *Id.* at 392. This foundational principle from *Jackson* has not been limited to criminal cases, and we conclude that it applies with equal force in this civil involuntary commitment action. *See, e.g., Wampler v. Speake*, 479 S.W.3d 771, 775 (Mo. App. 2016); *Perren v. Perren*, 475 S.W.3d 741, 744 (Mo. App. 2015); *Black River Electric Coop. v. People's Community State Bank*, 466 S.W.3d 638, 640 (Mo. App. 2015). Consistent with the dictates of *Jackson*, Instruction No. 6 required the jurors, and the jurors alone, to determine whether they believed the State's evidence with respect to each element necessary to involuntarily commit Berg to the DMH's custody. *See Jackson*, 433 S.W.3d at 392.[2] Berg's assertion that the jury should not have decided whether he had been convicted of first-degree statutory sodomy because he did not contest the issue is similarly answered by *Jackson*. "No matter how compelling (or even uncontested) the evidence may be on this element, it is for the jury—and only the jury—to decide whether the state" has met its burden of proving the element. *Jackson*, 433 S.W.3d at 400 n.11.[3]

---

**2.** Though the jury was instructed here that the term "sexually violent offense" included first-degree statutory sodomy, the jury nevertheless could have determined that the State did not prove that element. This is because "[a] jury *always* can disbelieve all or any part of the evidence, just as it always may refuse to draw inferences from that evidence." *Jackson*, 433 S.W.3d at 392 (emphasis in original).

**3.** *Jackson* noted that the only step a defendant in a criminal case must take to require the State to prove every element of its case is to enter a plea of "not guilty." *Jackson*, 433 S.W.3d at 406. Although this is a civil pro-

Even if Instruction No. 6 should not have submitted the first and second paragraphs for the jury to decide, however, reversal would not be warranted in this case as we discern no prejudice to Berg. *See* Rule 70.02(c). The burden of proving prejudice falls on Berg. *Peel*, 408 S.W.3d at 201. Berg's counsel told the jury during opening statements that Berg had pled guilty to first-degree statutory sodomy and that first-degree statutory sodomy was a sexually violent offense. Berg testified that he had been convicted of first-degree statutory sodomy, and a certified copy of his conviction for first-degree statutory sodomy was admitted into evidence. Both of the State's witnesses also testified that Berg had been convicted of first-degree statutory sodomy and that first-degree statutory sodomy qualified as a sexually violent offense. Therefore, the topic of Berg's conviction was already before the jury multiple times before jury instructions were given. We fail to discern how the inclusion of this same information in the first and second paragraphs of Instruction No. 6—information that Berg does not dispute on appeal and for which no objection was lodged at trial—could have materially affected the merits of the action. Point 2 is denied.

The judgment of the trial court is affirmed.

DON E. BURRELL, J.—CONCUR

MARY W. SHEFFIELD, C.J.—CONCUR

ceeding, the fact remains that Berg disputed his status as an SVP. Therefore, the State was required to prove each element of its case in order to involuntarily commit Berg to the custody of the DMH.